Pfirmann et al. v. Henkel et al.

---

ANDREW PFIRMANN ET AL.

v.

FREDERICK HENKEL ET AL.

1. LIMITED PARTNERSHIP—FORMATION—STATUTORY REQUIREMENTS. —In order to the formation of a limited or special partnership, the provisions of the statute must be at least substantially complied with. The provisions of the statute in this state in relation to the formation of limited

partnerships, contemplate not only that the certificate and affidavit mentioned shall be *filed* and *recorded* in the office of the county clerk, *but that they shall remain on file in his office;* these requirements are of the very substance of the statute; and merely depositing them in the office of the county clerk for the purpose of filing and recording, and afterwards withdrawing them, would not be a substantial compliance therewith.

2. SPECIAL PARTNER—LIMITING LIABILITY.—A special partner, before he can claim the protection of the statute as to the limit of his liability, must see that all its requirements are complied with, and if he fails so to do, the limitation upon his liability is destroyed, whether that failure is intentional or arises through mistake or inadvertance.

3. In this case the certificate and affidavit were sent by a messenger to the county clerk's office, and presented for record, but the deputy clerk instead added a certificate of the official character of the notary before whom they were acknowledged, and they were brought away by the messenger, and several months afterwards returned to the county clerk's office, and filed and recorded. As against a creditor whose debt accrued before the papers were returned to the clerk's office, *held*, not a substantial compliance with the statute.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Messrs. TENNEYS, FLOWER & ABERCROMBIE, for appellants; as to the effect of not complying with the statutory requirements, cited Haggerty et al. v. Foster et al. 103 Mass. 17; Beers v. Reynolds et al. 12 Barb. 288; Same v. Same, 1 Kernan, 97; Haviland et al. v. Chace et al. 39 Kernan, 283; Van Ingen v. Whitman, 12 N. Y. 513; Andrews v. Schott, 10 Pa. St. 47; In re Merrill, 13 Banking Reg. 91; In re Terry, 5 Bissell, 110.

As to filing and recording, Hamilton v. Beardslee, 51 Ill. 478; Hodgen v. Guttery, 58 Ill. 431; Peck v. Cosgrove, 4 Bissell, 437; Hickman v. Perrein, 6 Colwell (Tenn.) 135.

Messrs. MONROE, BISBEE & BALL, for appellees; contended that there had been a substantial compliance with the statute, and cited Madison Co. Bank v. Gould, 5 Hill, 309; Bowen v. Argall, 24 Wend. 496; Smith v. Argall, 6 Hill, 479.

As to filing and recording, Merrick v. Wallace, 19 Ill. 486; 3 Wash. on Real Property, 385; Riggs v. Boylan, 4 Bissell, 445.

Pfirmann et al. v. Henkel et al.

BAILEY, J.    This suit was brought by appellants against Emanuel Hartman, Simon Hartman and Frederick Henkel, as co-partners, doing business under the name and style of Hartman Brothers, as acceptors, in their firm name, of a bill of exchange for $390.55, drawn upon them by appellants, dated August 23d, 1877, and payable four months after date.    The two Hartmans having before the commencement of the suit been adjudicated bankrupts, no service of process was had on them. Henkel alone appeared and plead *non assumpsit*, and also a plea verified by his affidavit, averring that at the time of the acceptance of said bill of exchange, he was only a special partner in said firm.

Upon a trial by a jury the issues were found for the defendant, and the court below after overruling a motion by appellants for a new trial, rendered judgment against them on the verdict for costs.

The main question presented here is, whether the evidence in the record sustains the defense set up in appellee's second plea.

It appears from the evidence that on the first day of March, 1877, the members of said firm made, signed and acknowledged an instrument in writing, whereby they certified that Emanuel Hartman, Simon Hartman and Frederick Henkel, of the city of Chicago, had formed a limited co-partnership for the purpose of carrying on the rectifying and wholesale liquor business in the city of Chicago, under the style and firm of Hartman Brothers; that said Emanuel Hartman and Simon Hartman were the general partners, and the said Frederick Henkel the special partner; that said special partner had contributed $15,000 in cash toward the capital of said co-partnership, and that said co-partnership was to commence March 1st, 1877, and continue until January 1st, 1879.    Accompanying said certificate was an affidavit of Emanuel Hartman, one of the general partners, that said special partner had actually and in good faith paid in, in cash, the sum of $15,000 toward the capital stock of said co-partnership, as set forth in said certificate.

It was admitted by appellants that all the steps necessary to the formation of a limited partnership under the statute were

properly taken, except the filing and recording of the foregoing papers.

The testimony as to the filing and recording of these papers is substantially as follows:

On the 3d day of March, 1877, Emanual Hartman handed said papers and one dollar in money to one Henry Hoyer, who at the time was employed by the firm to drive their team, work in the store, and do errands for them, with instructions to take said papers to the office of the county clerk and have them filed and recorded, and pay the fee for recording. The messenger being unacquainted with the manner of doing business in the county clerk's office, never having been there before, went to the first "window" in the office, and told the person standing there that he wanted the paper recorded, and was told to go to the next "window." He went as directed, and handed the papers to the person inside, and told him he wanted them recorded. The deputy clerk to whom the papers were thus delivered happened to be the one having charge of the issuing of marriage licenses and certificates of magistracy, and understanding, as it seems, that a certificate of the official character of the notary before whom the affidavit was taken was desired, made out such certificate, attached it to the affidavit, and handed the papers back to the messenger, who had remained waiting for them, taking twenty-five cents only as fees therefor, and returning the messenger seventy-five cents change. The messenger took the papers back to the store, and handed them, together with said change, to one of the Hartmans, who opened the papers, looked at them, saw the county clerk's signature, and then put them in his safe, where they remained until the 30th day of October following, when he took them back to the clerk's office, and had them filed and recorded.

When the papers were in the clerk's office in March, they were not recorded nor marked filed, but when taken back by Hartman, in October, he prevailed on the clerk to mark them as filed March 3d; but afterwards, on remonstrance of certain parties, the clerk erased that date, and marked them as filed October 30th.

Apart from the provisions of our statute, the rule of law is

fundamental, that he who enters into a contract by which he is to contribute capital, and share in the profits of a firm, shall be liable *in solido* for its debts.    The intent of the statute is to relax this rule only on certain conditions, and within certain fixed and prescribed limitations.    If these are not fulfilled or are disregarded, the statute furnishes no protection or shield against the ordinary common law liabilities of a general partner.

The authorities are uniform, that in order to the formation of a limited or special partnership, the provisions of the statute must be at least substantially complied with :   Pars. on Part. 532; Richardson v. Hogg, 38 Penn. St. 153; Andrews v. Schott, 10 Id. 47; Vandike v. Rosskam, 67 Id. 330; Smith v. Argall, 6 Hill, 479; Brown v. Argall, 24 Wend. 496; Pierce v. Bryant, 5 Allen, 91; Haviland v. Chase, 39 Barb. 283; Van Ingen v. Whitman, 62 N. Y. 513.

By section 4 of the statute in relation to limited partnerships, it is provided that persons desirous of forming such partnership shall make and severally sign a certificate, which shall contain the name or firm under which the partnership is to be conducted, the general nature of the business to be transacted, the names of the general and special partners therein, distinguishing which are general and which are special partners, and their respective places of residence; the amount of capital stock which each special partner shall have contributed to the common stock, and the period at which the partnership is to commence, and the period when it will terminate, which certificate must be duly acknowledged by the several persons signing the same.

Section 6 provides that " the certificate so acknowledged and certified shall be *filed* in the office of the clerk of the county in which the principal place of business shall be situated, and shall be *recorded at large* by the clerk in a book to be kept by him; and such book shall be subject at all reasonable hours to the inspection of all persons who may desire to inspect the same.   If the partnership shall have places of business situated in different counties, *a transcript of such certificate*, and of the acknowledgment thereof, duly certified by the clerk in whose office it shall have been filed, under his official

seal, shall be filed and recorded in like manner in the office of the clerk of every such county," etc.

Section 7 provides that " at the time of filing the original certificate, as before directed, an affidavit of one or more of the general partners shall also be *filed* in the same office, stating that the amount in money or other property, at cash value, specified in the certificate to have been contributed by each of the special partners to the common stock, has been actually and in good faith contributed and applied to the same."

The object of the statute in thus requiring these papers to be filed in the office of the county clerk, and the certificate and acknowledgment to be recorded at large, is to thereby place among the files and records of a public office, subject at all times to the inspection of all persons interested, exact and authentic information of the precise limitations which the special partner seeks to place upon his partnership liability. These requirements are of the very substance of the statute, and the special partner must see to it that they are complied with.   If he fails so to do, it can make no difference whether such failure is intentional, or results from mistake or inadvertance, as in either case the limitation upon his liability is destroyed.

We think in this case it was plainly the duty of appellee, not only to deliver the certificate and affidavit to the county clerk, but to leave them among the files of the clerk's office. No beneficial purpose could be subserved by merely delivering them to the clerk, even if the clerk had marked them filed, and then taking them away and keeping them in the custody of the firm.   Even if it should be admitted that a delivery of the papers to the clerk, with a request that they be filed and recorded was *ipso facto* in contemplation of law, a filing and recording of the papers, so far as appellee was concerned, such admission must be subject to the qualification, that the papers should not be taken away by appellee from the place where by law they were required to remain.   It is doubtless true, that after appellee had performed all the law required of him, he should not be prejudiced by the failure of a public officer to perform his official duty, provided no act of appellee's inter-

Pfirmann et al. v. Henkel et al.

vened causing or contributing to such failure.   If the position can be maintained that the law was complied with, and the formation of the special partnership consummated, the instant these papers were placed in the custody of the Clerk, with a request that they be filed and recorded, and that too wholly irrespective of what subsequently became of, or was done with them, the door is open for a complete evasion of every beneficial object sought to be attained by the statutory requirements.

But it is insisted that the papers were taken away from the clerk's office by the messenger through mere inadvertence and mistake, and that such mistake and inadvertence should not be held to defeat the rights acquired by appellee upon the delivery of said papers to the clerk.   It should be observed that appellee is chargeable with the acts of his messenger precisely as though he had performed them himself.   We can see no reason why these acts, though done inadvertently, should not have the same effect upon appellee's rights as though done intentionally.   The rights of third parties, for whose protection the statute was enacted, were just as effectually prejudiced in one case as in the other.

A somewhat analogous principle was decided in the case of Van Ingen v. Whitman, 62 N. Y. 513.   In that case, it was shown that the affidavit that the contribution of the special partner had been actually paid in, in cash, was false, and it was held that it was not necessary, in order to defeat the special partnership, that the statement should be *intentionally* false. The court say: " The affidavit is called for that the public may have reliance upon the existence of the fact of payment.   The statute is thwarted, the public is misled, and its reliance is misplaced and deceived, as much when there is an unintentional untruth as where there is an intentional one.   This statute does not set out to deal with motives, but with acts and their results, and it guards the public, not by requiring good intentions, but a certain act done in a certain mode, and a true statement that it has been done thus."

So in this case the statute required the certificate and affidavit to be placed on file, and left there for the information and protection of the public; and if they were taken from the files

through the agency of appellee, it is immaterial whether they were taken away designedly or through a mistaken view of the requirements of the statute, or through sheer thoughtlessness, as in either case the public were to the same extent deprived of the information and protection which the law designed to give.

It is however insisted on behalf of appellee, that the statute does not intend that the certificate and affidavit shall remain among the files in the Clerk's office, but that it only requires them to be "filed for record," and that upon being recorded they may properly be taken away. To this view we are not prepared to yield our assent.

Filing a paper, *ex vi termini*, means placing and leaving it among the files. The memorandum indorsed by the officer in whose custody it is placed, is merely evidence of the filing and not the filing itself. Where a paper is required to be filed only for a specified purpose, or to remain on file for only a limited time, the special or limited character of such filing is usually indicated by the statute.

Thus, in § 31, Ch. 30 of the R. S., entitled Conveyances, deeds and other instruments relating to lands are spoken of as being "filed for record." There the filing is for the mere purpose of being recorded, and when that is accomplished the ininstrument may properly be withdrawn from the files. We think no such limitation upon the character of the filing is indicated by the language of the statute in relation to limited partnerships.

Moreover, it appears that while the statute requires the certificate and acknowledgment to be recorded, it does not contemplate recording the affidavit. That is merely required to be placed on file, and it manifestly must remain there as the only means of furnishing the public information of its con. tents. Again, where the firm has places of business in different counties, a certified transcript of the certificate and acknowledgment—not a certified copy of the record of such papers—must be filed in each county. This can only be complied with in case the certificate and acknowledgment themselves are left on file.

In this case, from the formation of the partnership on the first day of March, up to the thirtieth day of the October following, there was no evidence in the county clerk's office of any claim on the part of appellee of any limitation upon his partnership liability, except the few moments the papers were there on the third day of March. For the fact that there was no such evidence there, appellee is responsible, and must suffer the consequences resulting therefrom. He failed to comply with the statute in one of its most material requirements, and so must fail of the protection which he seeks from its provisions.

On the trial below, the court took a different view of the law from that which we feel compelled to adopt as the correct one, and instructed the jury accordingly. We do not deem it necessary to review the instructions, as our view of the law is already sufficiently indicated. We think the evidence fails to sustain the defense interposed on the trial, and that the court erred in his instructions to the jury, and in denying appellant's motion for a new trial, for which errors the judgment is reversed and the cause remanded.

Reversed and remanded.