SMITH *vs.* HUDSPETH, administrator.

[WARNER, Chief Justice, being engaged in presiding over the senate, organized as a court of impeachment, did not sit in this case.]

The action being in the short statutory form, with personal service on the defendant, and no defense made by plea or demurrer, and there being no allegation touching the date of the intestate's death or of the grant of administration upon his estate, the statute of limitations was not in the case. The action was commenced in 1877, upon notes of the intestate, due in 1868, and upon an account dated in 1870.

Administrators and executors. Statute of limitations. Pleadings. Before Judge WRIGHT. Baker Superior Court. May Term, 1879.

Reported in the opinion.

STROZER & SMITH; L. P. D. WARREN, for plaintiff in error.

D. H. POPE; O. G. GURLEY, for defendant.

BLECKLEY, Justice.

The action was commenced in 1877 upon notes due in 1868, and upon an account contracted in 1870. The ordinary period of limitation applicable to the notes is six, and to the account four years. Code, §§2917, 2918. But where, as here, the debtor is dead, his administrator is allowed twelve months to look into the condition of his estate, (Code, §2530,) and during that interval is exempt from suit. Of course, too, there can be no action between the death of the intestate and the grant of administration, for there is no party who can be made defendant. This declaration is in the brief statutory form authorized by sections 3391 and 3393 of the Code, the use of which against administrators is expressly sanctioned by section 3399. Whether the action was barred or not during the life of the intestate does not appear on the face of the declaration; it is not

alleged when he died, or when administration upon his estate was granted. There was personal service on the defendant, and no defense was filed—no plea, nor even a demurrer. The statute of limitations may be waived by an administrator unless the bar attached in the life-time of his intestate. Code, §2542. The declaration being as full as the forms laid down in the Code, and having a copy of the notes and of the account attached, and not showing on its face affirmatively that the action was barred as to either, the statute of limitations was not in the case, and there should have been no ruling made upon it. It is true that, under the Code, §3459, patent defects in pleading may be taken advantage of by motion, but this declaration, if defective at all, (and that it is would be difficult to hold,) is not so defective as not to require an answer. The most that can be said is that the action may be barred; there is no certainty that it is barred. Judgment for the plaintiff, on the declaration as it stands, would not be arrested. In most cases, the defense of the statute of limitations is a mere privilege, and must appear on the record.

Judgment reversed.