FLOYD vs. THE CHESS-CARLEY COMPANY; SKIPPER vs. THE
SAME.

1. Where affidavits to foreclose laborers' liens were made and handed
   to the clerk for him to issue executions thereon, they were in fact
   filed in his office.  The making of an entry of filing signed by the
   clerk is only an evidence of what has been done, and the absence
   of such an entry did not authorize the dismissal of the execution
   issued on the foreclosure of such liens.
2. Where a motion was made to dismiss the proceedings to foreclose
   laborers' liens on several grounds, one only of which was sustained,
   and exception was taken to this dismissal, if the other party de-
   sired to have the remaining grounds considered by this court, he
   should have presented a cross-bill of exceptions.
(a.) Affidavits to foreclose laborers' liens, one of which stated that
   the plaintiff labored as a distiller for the defendant, and the other
   of which stated that the plaintiff was employed as a teamster,
   and as such did labor, were sufficiently clear and certain in show-
   ing that the labor was performed by the affiants themselves as
   laborers.
(b.) The executions which were issued in these cases were substan-
   tially in conformity to §1991 of the Code.

   May 1, 1886.

Liens.  Laborers.  Pleadings.  Before Judge MERSHON.
Clinch  Superior  Court.  November  Adjourned  Term,
1885.

J. Q. Floyd and N. Skipper each made affidavits to fore-
close general laborers' liens against W. R. Lane. Each
alleged that he contracted with Lane to labor at the tur-
pentine distillery of the latter, in Clinch county, for the
year 1883, at a price named; that he performed his con-
tract of labor; that a certain amount was due therefor and
unpaid; that he demanded payment therefor after it be-
came due, and it was refused; and that he made this affi-
davit within twelve months after it became due for the
purpose of foreclosing the lien on certain mules and a
wagon at the turpentine distillery and on Lane's other
personal property.  In Skipper's affidavit he alleged that
he had contracted with Lane to labor at his turpentine

distillery "as a teamster and woodsman." Floyd alleged that he contracted to labor as a "stiller." Each affidavit was made before the ordinary. There was no entry of filing on either. Execution was issued and levied on the mules and wagon described. It directed the levying officer to make the amount from the four mules and wagon, "as well as all and singular the property of said W. R. Lane." The Chess-Carley Company, as creditors of Lane, contested the proceedings, and moved to dismiss them on the grounds (1) that they did not clearly allege that the plaintiffs themselves did the work; (2) because the executions issued against all of the defendant's property; and (3) because the affidavits were not filed in the clerk's office before execution issued. Counsel for the plaintiffs offered to show, as a fact, that the affidavits were filed or lodged in the clerk's office with the deputy clerk, who issued the executions, and who had charge of the office at the time and was performing the duties thereof, and that the failure to make the entry of filing was a clerical omission. He also offered to supply the same by an entry *nunc pro tunc*. The court refused to permit this, and dismissed the foreclosure proceedings on the ground as to filing. The plaintiffs excepted.

J. L. SWEAT, by HARRISON & PEEPLES, for plaintiffs in error.

DENMARK & ADAMS, by brief, for defendant.

BLANDFORD, Justice.

The two cases embracing the same principles will be considered together. The plaintiffs in error foreclosed their liens as laborers. The affidavits of foreclosure were made before the ordinary and were handed to the clerk of the superior court, who issued executions thereon. The contestant moved to dismiss the foreclosure proceeding on several grounds, one of which was because the same had

not been marked as filed by the clerk of the superior court, and on this ground alone the court dismissed the same. Plaintiffs excepted, and this is the error assigned.

1. When the papers were handed to the clerk for him to issue executions, they were in fact filed in his office. The marking on the papers filed and signed by the clerk is only evidence of what had been done; so we think the court was clearly wrong in sustaining the motion on this ground.

2. The defendant in error insists that, although the court may have been wrong in dismissing the case on the ground on which he put it, yet it should have been sustained on the other grounds in the motion. While we do not recognize this position as correct in this case, as we think he should have prosecuted a cross-bill of exception to have reached the other grounds in his motion, we will say this, that the affidavits of plaintiffs in error were sufficiently clear and certain that the labor was performed by themselves as laborers and not by others for them. In the one case, Floyd states that he labored as a distiller. Skipper's affidavit is equally distinct and clear on this point; his affidavit declares that he was employed as teamster, and did labor as such teamster.

The executions which were issued in these cases were substantially in conformity to section 1991 of the Code.

Judgment reversed.