JOHNSON, executor, *vs.* JOHNSON, *et al.*, executors.

1. For heirs to intermeddle with realty, will not constitute them executors in their own wrong. Any sale made by them would leave the lands subject to administration for the payment of debts. (Rep.)

2. A purchase of land made by a son from his insolvent mother, to defraud her creditors, and his reduction of the land to his possession before or after her death, and a subsequent sale of the same, would not fix him with the character of executor *de son tort*, nor tend to do so. (Rep.)

3. The proof showed that the mother left no personal property. (Rep.)

4. To receive and take care of rents payable in kind would be the right and duty of heirs and distributees, and in no wise inconsistent with the rights or interest of creditors, or of any legal representative of the estate that might be thereafter appointed. (Rep.)

5. Although the mother was in possession of the farm, exercising acts of ownershp, and rented it out for the year 1882, that she disclaimed title in the spring of that year, and said the place belonged to her son, one of the defendants, was competent evidence, the same tending to show that in renting out the property she acted, not as owner, but as agent for her son. (Rep.)

6. According to the decision in *Pendleton vs. Andrews*, 70 *Ga.* 306, the note sued on was barred by the statute of limitations. (Rep.)

7. The so-called new promise set up by an amendment to the declaration will not avail in this action. (Rep.)

On the motion to dismiss:

1. A judge of the superior court has no right to alter a bill of exceptions presented to him for signature, but should he nevertheless make erasures and interlineations, writing at the bottom of his certificate, over his signature, thus: "All erasures and interlineations made before signing," the writ of error will not be dismissed; certainly not unless counsel for defendant in error will suggest upon his professional veracity his belief that the bill of exceptions has been fraudulently altered. (Rep.)

2. The omission of the clerk of the superior court to sign on the bill of exceptions his entry of filing the same, the entry being written out and dated, but not signed, is one of the defects which can be healed under the code, §4272(c); and time for healing will be granted, even until the end of the term if necessary. (Rep.)

December 16, 1887.

Administrators and executors. Sales. Vendor and purchaser. Insolvency. Fraud. Evidence. Deeds. Debtor

and creditor. Statute of limitations. Practice in Supreme Court. Before Judge FAIN. Bartow superior court. July term, 1887.

Reported in the decision.

M. L. JOHNSON and JOHN W. AKIN, for plaintiff in error.

J. B. CONYERS, J. A. BAKER and A. W. FITE, for defendants.

BLECKLEY, Chief Justice.

The action being upon a promissory note for $124.50 made by the mother of the defendants to the plaintiff's testator, on September 11th, 1876, and due one day after date, and the defendants being sued as executors, and by amendment to the declaration, as executors in their own wrong, and they having pleaded *ne unques executor*, and the statute of limitations, and the court below having granted a nonsuit, the reasons of this court for not reversing the judgment of nonsuit are as follows:

1. The defendants being heirs at law of their mother, could rightfully take possession of her lands after her death, and sell the same. For heirs to intermeddle with realty, will not constitute them executors in their own wrong. Any sale made by them would leave the lands subject to administration for the payment of debts.

2. A purchase of land made by a son from his insolvent mother, to defraud her creditors, and his reduction of the land to possession before or after her death, and a subsequent sale of the same, would not fix him with the character of executor *de son tort*, nor tend to do so; therefore, the deeds excluded by the court from the jury were immaterial as evidence.

3. The proof showed that the mother left no personal property.

4. She died on August 6th, 1882; and if she was entitled to the rents of the farm for that year, it was no wrong-

ful intermeddling with them for the defendants, or either of them, to receive them from the tenant; the rents consisting of wheat, corn, fodder, oats and cotton, and being delivered in kind. To receive and take care of rents payable in kind would be the right and duty of heirs and distributees, and in no wise inconsistent with the rights or interest of creditors, or of any legal representative of the estate that might be thereafter appointed. These rents were of the value of $120, but no sale, use, or conversion of them by the defendants or either of them appears. In *Semmes vs. Porter, Dudley's R.* 167, the crop was sold by the son after his mother's death.

5. Although the mother was in possession of the farm, exercising acts of ownership, and rented it out for the year 1882, that she disclaimed title in the spring of that year and said the place belonged to her son, one of the defendants, was competent evidence, the same tending to show that in renting out the property she acted, not as owner, but as agent for her son. If she dealt with the land as his, though she may have previously conveyed it to him to defraud her creditors, the rents would not be her property but his, unless he chose to relinquish his right to them. With proper pleadings, however, the rents as well as the land might be subjected to the payment of her debts if she had conveyed fraudulently. *Jones vs. McCleod,* 61 *Ga.* 602.

6. According to the decision in *Pendleton vs. Andrews,* 70 *Ga.* 306, the note sued on was barred by the statute of limitations. The suit was brought November 15th, 1883, the note having then been due seven years, two months and three days. Deduct one month during which the payee's estate was unrepresented, one year, during which the defendants, if rightful executors, were exempt from suit by statute, and there would be left six years, one month and three days; and the period allowed for suit on such an evidence of debt being six years, the action was brought one month and three days too late. *Pendleton vs. Andrews,*

holds to the well-established doctrine that, when the statute of limitations has commenced to run, nothing but a statutory provision or exception will arrest it; also, that section 2928 of the code applies to creditor estates, and has no application to debtor estates. This construction of the section is undoubtedly correct; and that on which the court acted in ruling *Weitman vs. Thiot*, 64 *Ga.* 16, is manifestly erroneous. And see a trace of the like error, not perhaps leading to an incorrect decision, in *Smith vs. Hudspeth*, 63 *Ga.* 212.

It is not meant to say that if the defendants were executors in their own wrong, they would be exempt from suit during any time after they intermeddled, for such is not the rule. *Harris vs. Wynne*, 4 *Ga.* 524; *Stallings vs. Johnson*, 27 *Ga.* 564. If they intermeddled at all, it was within the first year after their mother died, and so the plaintiff had that much more time to bring his action against them than he would have had if they had been rightful executors. Under our statute, the two pleas considered by us in this case may be pleaded together.

7. The so-called new promise set up by an amendment to the declaration will not avail in this action, the same being simply a letter written by one of the defendants to the plaintiff, March 19th, 1883, in which he said: " Brother John held a note against mother; there was a credit on note—don't remember how much. Please send me the amount now due. Want to arrange and pay it off." The writer signs as an individual, not as executor, and the letter imports only a wish and purpose to pay his mother's debt, not an obligation to do so. Such a letter can be very well accounted for without imputing to the writer the office or character of executor. Moreover, the note referred to is one having a credit on it, whereas, the note now in question and copied in the bill of exceptions is without any credit, so far as appears; and there is no evidence that there was not some note answering the description set forth in the letter. Certainly the description is vague

enough even with this mark of a credit included. *Dobson vs. Dickson*, 62 *Ga.* 640.

Judgment affirmed.

A motion was made on the call of the case for argument, to dismiss the writ of error, in deciding which the court ruled as follows, and all objection as to the evidence of filing being then waived, the argument proceeded:

1. A judge of the superior court has no right to alter a bill of exceptions presented to him for signature, but should he nevertheless make erasures and interlineations, writing at the bottom of his certificate over his signature, thus: "All erasures and interlineations made before signing," the writ of error will not be dismissed,—certainly not unless counsel for defendant in error will suggest upon his professional veracity his belief that the bill of exceptions has been fraudulently altered.

2. The omission of the clerk of the superior court to sign on the bill of exceptions his entry of filing the same, the entry being written out and dated but not signed, is one of the defects which can be healed under the code, §4272 (c); and time for healing will be granted, even until the end of the term if necessary.

Motion denied.