STRONG *v.* ATLANTA CONSOLIDATED STREET RAILWAY CO

Where in obedience to the act of December 22, 1892, this court ordered the clerk of a trial court to certify and send up portions of the record which, though specified in the bill of exceptions, were not originally transmitted, and which were necessary in order to fairly and fully adjudicate the questions at issue and the alleged errors; and the clerk, in obeying this order, certified to facts showing that his failure in the first instance to send up the omitted portions of the record was due to the fault of counsel for the plaintiff in error, the writ of error will be dismissed.

February 7,

Motion to dismiss writ of error.

*Dorsey, Brewster & Howell,* for plaintiff.
*N. J. & T. A. Hammond,* for defendant.

LUMPKIN, Justice.

When this case was called in its order, counsel for the defendant in error moved to dismiss the writ of error on the ground that what purported to be the brief of evidence sent up in the record disclosed the fact that certain material documentary evidence was introduced at the trial; yet, this evidence was not embodied in the bill of exceptions or in any paper sent up as a part of the brief of evidence, nor did the record anywhere contain a copy or abstract of, or give any statement as to, the contents of such documentary evidence. These documents consisted of certain orders issued by the superintendent of the defendant company to its conductors, and of printed rules adopted by the company. It appears from recitals in the bill of exceptions, that these orders and rules constituted a part of the brief of evidence filed with the motion for a new trial, and they are distinctly specified as portions of the record material to a clear understanding of the errors complained of. Their materiality is beyond question, for without them this court cannot possibly review the legal questions presented for consideration, or pass upon the merits of the case according to the evidence as it appeared before the trial court.

Our judgment upon the motion to dismiss was reserved, with the purpose of ordering the clerk of the trial court to certify and send up the omitted portions of the brief of evidence. This we did in obedience to the act of December 22, 1892 (Acts of 1892, p. 113), in order that we might be enabled, by having the full record before us, to intelligently pass upon and fairly adjudicate the errors assigned. The clerk of the trial court, in obeying this order, certified to facts showing that his failure in the first instance to send up the omitted documentary evidence as a part of the record was due to the fault of counsel for the plaintiff in error.

Upon ascertaining this, no proper course was left open to us except to order that the writ of error be dismissed.

At the time the motion to dismiss was made and argued, counsel for the plaintiff in error tendered an affidavit explaining the absence from the transcript of the record of the documents in question. This affidavit we were constrained to decline to consider, for the reason that this court has no authority to receive *aliunde* evidence as to facts transpiring in the court below, not certified to in the record sent to this court. There is no law authorizing an original issue of fact to be tried and passed on in the Supreme Court, it being a tribunal created solely for the purpose of correcting errors committed in lower courts. *Jones* v. *Rountree,* 96 *Ga.* 230, 232. As to all matters affecting the correctness or completeness of the record, we must look solely to the certificate of the clerk, whose duty it is to properly transmit the same and certify to its authenticity. To this effect have been numerous and unvarying rulings of this court delivered from the bench, and in no instance has any departure therefrom been made.

It is fair, however, to say in this connection that the affidavit referred to, without being inconsistent with the facts to which the clerk certifies, was sufficient to exonerate the counsel for the plaintiff in error from the imputation of personal negligence in attending to his business, and shows that the fault attributable to him was really that of another, or the result of a misunderstanding. With this, however, we have nothing to do, so far as our decision upon the facts properly before us is concerned.

As the case now stands, it appears that counsel for the plaintiff in error, and not the clerk, was responsible for the failure of the latter to transmit in due time to this court vitally important portions of the record. This omission amounts to practically the same thing as though the entire record had been thus delayed, for the reason, above stated, that the missing documents are indispensably necessary to

a proper consideration and determination of the case. Without them, the record is really no better than no record at all.    Section 4272(e) of the code distinctly declares that no person shall be entitled to the benefits of the provisions of the preceding section (which provides that no case shall be dismissed by the Supreme Court on account of any failure of the clerk below to duly transmit the bill of exceptions and transcript of the record) who, by his own act or that of his counsel, has been the cause of a delay on the part of such clerk to properly perform his duty in the respect indicated.    The provisions of these sections were enacted in 1877, and though many acts have since been passed with the view of providing against dismissal of cases in this court, and securing, as far as possible, a hearing of all cases upon their merits, none of these acts have undertaken to repeal or modify the above recited provisions of the act of 1877.    The act of November 17, 1893 (Acts of 1893, p. 51), the purpose of which was to prohibit the dismissal of what are popularly known as "fast writs of error" on account of a failure by the clerk of the trial court to transmit the record within the time prescribed by law, is itself rendered inoperative where "such failure is due to the neglect or fault of the plaintiff in error or his counsel"; thus showing that the General Assembly had not, up to that time, manifested any disposition to protect litigants who were themselves responsible for the failure to have their cases properly brought to this court.    Nor are we aware of any legislation, even up to this date, exonerating plaintiffs in error from the consequences of such neglect.    Upon the question of retaining the case for a hearing on its merits, we have no discretion; and in granting the motion to dismiss, we have simply performed our plain duty in the premises.                    *Writ of error dismissed.*