## McDANIEL *v.* COLUMBUS FERTILIZER COMPANY.

1. Upon a suggestion by counsel here that the clerk of a trial court has made a mistake in certifying as to the date upon which a bill of exceptions was filed in his office this court will direct the clerk to recertify as to this matter, to the end that the actual truth in regard thereto may be ascertained.
2. Causing a bill of exceptions to be actually placed in the hands of the clerk of a trial court within the time prescribed by law for filing the same in his office is all that is, in this respect, required of a plaintiff in error or his counsel.
3. A verdict finding a tract of land subject to an execution as the property of the defendant therein named can not be upheld when it appears that he was the owner of only an undivided one-third of the land and held the same as tenant in common with two other persons who interposed a claim thereto.

Submitted October 30, — Decided  November 29, 1899.

Levy and claim.   Before J. H. Worrill, judge pro hac vice. Taylor superior court.   January 18, 1899.

*C. J. Thornton* and *A. A. Carson,* for plaintiff in error.
*O. M. Colbert,* contra.

LUMPKIN, P. J.   1. The bill of exceptions in this case was certified January 27, 1899.   The clerk of the trial court certified upon it that it was filed in his office February 15, 1899.

On the call of the case in this court, a motion was made to dismiss the writ of error, on the ground that the bill of exceptions was not filed in the office of the clerk of the superior court within the time prescribed by law.　Thereupon one of the counsel for the plaintiff in error stated in his place that the certificate entered by the clerk on the bill of exceptions did not correctly state the date of the filing, the true date being February 7, 1899; and accordingly requested this court to grant an order directing the clerk below to certify the truth in this regard.　Acting upon this request of counsel, this court passed an order of the nature just indicated.　This was in accord with the provisions of section 5567 of the Civil Code, which declares that "No writ of error shall be dismissed in the Supreme Court of this State on any ground whatever which can be removed during the term of the court to which the said writ of error is returnable, and said Supreme Court shall give such time, during said term, even to the end of the same, as may be necessary to remove said ground, if it can be removed during the said term."　While we could not, of course, accept as evidence the mere statement of counsel, it was undoubtedly not only the right but the duty of the court, upon the suggestion that the date named in the clerk's certificate was incorrect, to call upon him to recertify in this regard, to the end that we might have official information from the proper source upon which to predicate action.　See, in this connection, *Strong* v. *Atlanta Consolidated Street Railway Co.*, 97 *Ga.* 695, citing approvingly *Jones* v. *Rountree*, 96 *Ga.* 230, 232.

2.　The clerk of the trial court, in response to the order above mentioned, certified that he received the bill of exceptions by mail on the 7th day of February, 1899; that he was at the time sick in bed, unable to attend to any business, and did not get to his office until the 15th day of February, and then marked the bill of exceptions "filed of that day, when in truth and in fact it should have been filed on the 7th of Feby., 1899, the day it was actually received."　In view of the facts stated in this certificate, we hold that counsel for the plaintiff in error duly complied with every obligation resting upon them under the provisions of section 5554 of the Civil Code,

which requires bills of exceptions in such cases to be filed in the office of the clerk of the court where the cause was tried, within fifteen days from the date of the certificate of the judge. It was not incumbent upon counsel to do more than place the bill of exceptions in the hands of the clerk within the time limited by the statute. This they did, for the bill of exceptions was actually in his hands on the 7th day of February, which was within fifteen days from the date of the judge's certificate. It was the duty of the clerk, on receiving the bill of exceptions, to immediately file it in his office and to certify that he had done so. His failure in this respect, being in no way attributable to any fault or omission of duty on the part of counsel, should not be permitted to work any injury to the plaintiff in error. Section 5125 of the Civil Code declares that: "The mistake or misprision of a clerk or other ministerial officer shall in no case work to the injury of a party, where by amendment justice may be promoted." The spirit, if not the letter, of this section is certainly applicable to a case like the present.

3. It only remains to deal with this case upon its merits. An execution in favor of the Columbus Fertilizer Company was levied upon land as the property of P. E. McDaniel, who, in behalf of his two minor children, interposed a claim. The property was found subject, and the sole question presented by the motion for a new trial is whether or not the evidence warranted the verdict. It appears that the title to the land in controversy was originally in one Ingram, who, on January 19, 1883, conveyed it to McDaniel by a deed which was immediately recorded and which purported to have been based upon a valuable consideration. On July 27, 1883, McDaniel reconveyed the land to Ingram, who, on August 28 of the same year, conveyed it to his daughter, McDaniel's wife, by a deed which was recorded on July 28, 1886. The record does not disclose upon what considerations the two deeds last mentioned were executed, nor does it appear whether the deed from McDaniel to Ingram was ever recorded or not. The judgment in favor of the plaintiff in fi. fa. was rendered February 28, 1889, after the death of Mrs. McDaniel. The debt upon which that judgment was based was contracted in the spring of 1886, or, perhaps,

earlier. There was some evidence which slightly tended to support the theory that the Fertilizer Company extended credit to McDaniel upon the idea that he was the sole owner of the land in question, but this evidence was quite vague and indefinite, and it is certain that the company made no effort to obtain a contract lien upon the premises or ever acquired any sort of a lien upon the property of McDaniel until the date of its judgment in 1889. Upon the facts thus appearing, we are constrained to hold that the verdict was unsupported. The legal title to the property at the time the judgment against McDaniel was rendered was in him and his two minor children, as the heirs at law of Mrs. McDaniel, then deceased, each having an undivided third. No more, then, than McDaniel's third was subject to the execution levied on the land, and the verdict, so far as it affected the two-thirds belonging to his children, was manifestly wrong. It does not appear that their mother had ever said or done anything to mislead the Fertilizer Company into the belief that the property belonged to her husband; nor was any evidence introduced in behalf of the company going to show that his deed to Ingram or that of the latter to his daughter, Mrs. McDaniel, was in any sense fraudulent. This being so, it will not do to say that the children's interest in the property levied on could be subjected to the satisfaction of the judgment merely because of the loose testimony offered to show that credit was extended to their father on the faith of his supposed ownership of the land.

*Judgment reversed. All the Justices concurring.*