COOPER, receiver, *v.* NISBET.

1. It is essential to the legal filing of a bill of exceptions (or other paper which the law provides may be filed in the office of the clerk of a court) that the intention to place the paper on file be in some intelligible manner communicated to the clerk or his deputy by the party desiring to have the paper filed.
2. Where a witness (the deputy-clerk of a court) testifies that it is his custom to make a pencil memorandum on a certain class of papers filed with him, and that a paper of that class involved in the suit had no such memorandum on it at a certain time, it is not competent to rebut such testimony by proof that a paper of a different class in the same suit had no memorandum on it, there being no evidence that such latter paper had ever been filed.
3. The failure to give instructions to the jury not demanded by the evidence will, in the absence of a written request to so charge, in no event be cause for a new trial. Especially is this true where the principle of law invoked by the complaining party is in fact charged, substantially, by the trial judge.

Argued March 5, — Decided March 29, 1904.

Application for mandamus. Before Judge Felton. Bibb superior court. February 25, 1904.

*Hardeman & Jones, Davis & Turner, Ross & Grace,* and *Steed & Ryals,* for plaintiff. *John R. L. Smith,* for defendant.

CANDLER, J. This was a petition for mandamus, addressed to the judge of the superior courts of the Macon circuit. The petition alleged that on June 13, 1903, in a case pending in Bibb superior court, in which the petitioner was plaintiff, the judge of that court signed a writ of error sued out by the petitioner, re-

turning it to his counsel on June 15, on which day service of the bill of exceptions was acknowledged by counsel for the opposite party; that, immediately after obtaining the acknowledgment of service of the bill of exceptions, counsel for petitioner "carried said bill of exceptions . . to the office of the clerk of the superior court of said county, and in person delivered said bill of exceptions to B. J. Holt, the deputy-clerk, and thereby lodged said bill of exceptions in the office of the said clerk for filing and transmission to the Supreme Court; that on August 4, 1903, the clerk certified and transmitted the bill of exceptions and a transcript of the record in the case to the Supreme Court, "but failed and neglected to mark said bill of exceptions as of file in his office on June 15, 1903;" that petitioner applied to the Supreme Court for a writ of mandamus to require the clerk to mark the bill of exceptions filed, and that that court passed an order directing the bill of exceptions to be retransmitted to Bibb county in order that appropriate proceedings might be had in the superior court of that county to determine the true date of such filing. The prayer of the petition was that the clerk be commanded to show cause why he should not be required nunc pro tunc to mark the bill of exceptions as of file on June 15, 1903. The respondent answered, denying that the bill of exceptions had been lodged for filing in his office on June 15, 1903, and averring that his failure to mark it as of file on that date was due, not to negligence, but to his refusal to do so. On this disputed issue of fact the case was submitted to a jury, who found for the respondent. The plaintiff moved for a new trial, and to the overruling of his motion he excepted. As to the material issues the evidence introduced at the hearing was directly conflicting. One of the attorneys for the plaintiff testified positively that on June 15, 1903, after the bill of exceptions had been certified by the trial judge and service thereof had been acknowledged by opposing counsel, he took it to the office of the clerk of the superior court; that the clerk was not in, but his deputy, Holt, was; that witness delivered the bill of exceptions to Holt, calling his attention to it, and remarking: "Mr. Holt, here is another William," meaning a bill of exceptions; that Holt took it and opened it; and that as witness was in a hurry, he left the office immediately. This testimony was emphatically contradicted by Holt, who testified that the attor-

·ney did not leave the bill of exceptions with· him on the date mentioned, and that it was found for the first time in the files of the office on July 29, 1903.    How or when it came into the files no one connected with the office seemed able to explain.    The motion for a new trial contains numerous grounds, but several of them complain of charges or refusals to charge which relate to the same point.    We shall therefore not deal with each ground of the  motion separately, but rather with the different  questions ° raised by the various grounds.

1. Error is assigned upon the charge of the court to the effect that to constitute a legal filing it is .necessary that the paper be tendered to the clerk or his deputy "with directions that·the same be filed in the case."    As explanatory of this instruction, the judge further charged :  "To illustrate what I mean, an attorney can not put a paper among a lot of papers and carry the whole bundle to the clerk's office and hand them to the clerk, and expect the· clerk to seek out from that bundle papers that have not been filed, and enter the fact that they were filed upon them.    That does not constitute in law a legal filing."    Complaint is also made of the refusal of the court to charge, as requested, that :   "It is not necessary that the party who tenders to the clerk for filing a paper should in terms request the clerk to file such paper.    It is sufficient for a party to tender the paper to the clerk and call his attention to what it is, and it is then his duty to file it if it is a paper such as he is required to file in office."    We do not construe the language of the court below, to the effect that to constitute a legal filing a paper must be tendered to the clerk or his deputy with directions that it be filed, to mean that in filing a paper one must  use express words of command or instruction ; but rather that the clerk must in some way be acquainted with the intention of the party to file the paper.    So construing it, we hold that the charge is free from error.    It is not enough that the clerk know the character of the paper tendered to him ; there should, in simple justice to him, be something to· put him on notice that the exercise of his official duties is required.    And, in a broad sense, any words or conduct which will bring home to him notice of an intention to file may be termed a direction that the paper·be filed.    To hold that filing is a purely physical act, which may ·be accomplished without intention or the communication of

that intention, would, in our opinion, be almost an absurdity, and would open up possibilities for many grotesque errors and numerous hardships to both litigants and clerks. The true rule, we think, is that stated by the Illinois court in the case of Hamilton *v.* Beardslee, 51 Ill. 478, that to constitute a legal filing the paper must pass into the custody of the clerk, " and that the object be communicated to him in some manner capable of being understood." See also Pfirmann *v.* Henkel, 1 Ill. App. 145; Boyd *v.* Desmond, 79 Cal. 250; Phillips *v.* Beene, 38 Ala. 248. And in the case of *Jolley* v. *Rutherford*, 112 *Ga.* 342, it was held that where papers were left on the clerk's desk, and his attention was not called to the fact that they were so left or that there was any intention to file them, there was no legal filing. That, it is true, is not this case; but the following language of Mr. Presiding Justice Lumpkin (p. 344) bears closely upon the question now under discussion: " It is scarcely reasonable to expect a clerk to duly file papers left upon his desk or elsewhere in his office, when his attention is not in some way directed to the fact that the person depositing them in or upon his office furniture wishes him to assume charge thereof and file the same." As laying down a different rule from the one now announced the cases of *Floyd* v. *Chess-Carley Co.*, 76 *Ga.* 752, and *McDaniel* v. *Columbus Fertilizer Co.*, 109 *Ga.* 284, are cited by counsel for the plaintiff in error. A careful reading of these cases, however, will show that they do not support this contention, and that they are in entire harmony with what is here laid down. In both of these cases the papers were placed in the custody of the clerk with the expressed intention of filing them; and in neither was there any question raised as to the communication to the clerk of the parties' intention to file the papers. The *Floyd* case simply holds that where affidavits to foreclose laborers' liens were in fact filed in the office of the clerk, the failure of the clerk to mark them filed did not authorize the dismissal of the executions issued on them. It is, of course, quite plain that where a party has in reality filed a paper, his rights will not be prejudiced by the failure of the clerk to perform the purely clerical duty to mark it filed; but this has no bearing on the question of what constitutes a legal filing. In the *McDaniel* case, the second headnote reads as follows: " Causing a bill of exceptions to be actually placed in the hands of the clerk of a trial

court within the time prescribed by law for filing the same in his office is all that is, in this respect, required of a plaintiff in error or his counsel." It appeared in that case that the clerk received the bill of exceptions by mail; that he was at the time sick in bed, and that when he returned to his office several days later he marked the bill of exceptions filed as of the latter day. The question involved was, not whether there had been a legal filing, but whether the clerk should have marked the paper filed as of the date that it reached him or the date when he returned to his office. It will be seen at a glance that this ruling does not affect the question whether, to constitute a legal filing, it is necessary that the party tendering the paper to the clerk shall call the attention of the latter to his intention to file.

2. Holt testified that it was his invariable custom, when a bill of exceptions was filed with him, to make a pencil memorandum on it and hand it to the clerk, and that there was no such memorandum on the bill of exceptions involved in this case when it was found in the files. For the purpose of rebutting, or impeaching, this testimony, the plaintiff offered in evidence a motion to dismiss the certiorari, made when the case was pending in the superior court, together with the order of the court overruling the motion, it appearing that there was no pencil memorandum or entry of filing on this paper. The rejection of this evidence is assigned as error in the motion for a new trial. This complaint is obviously without merit. Even admitting that it had been filed in the clerk's office, it was not a bill of exceptions, and had no probative effect whatever on the witness's testimony as to what his custom was with reference to bills of exceptions. Regardless of this, however, there was not a particle of evidence that the motion to dismiss had ever been filed in the clerk's office; but to the contrary there was positive evidence that it had not been filed. The only basis for its introduction was that it was taken from a bundle of papers containing the record in the case which had been handed by the clerk to one of the attorneys. It is not, of course, competent to prove the filing of a paper by introducing another paper in the same case which bears a physical similarity to it, but which, as to filing, is not shown to be on any different footing from the paper the filing of which is sought to be proved.

3. Error is also assigned on the failure of the court to charge

that the finding of the bill of exceptions in the filing-case in the clerk's office, with other papers in the case to which it related, would show prima facie that it had been filed with the clerk, and would put the burden on him of showing that it had not been filed, but came into the filing-case in some other way than by having been filed. It does not appear that any written request to charge on this subject was made on the trial. The motion also complains of the charge which the court actually gave on this subject, which was as follows: "If you believe the fact to be true, that the bill of exceptions introduced in evidence in this case was found in the filing-case with the other papers in the case, you may take, if you see proper to do so, that evidence, together with the other testimony in the case, for the purpose of determining the true question in the case at issue between these parties, as to whether or not in point of fact Mr. Jones tendered that bill of exceptions to Mr. Holt to file it." We see nothing in this charge of which the plaintiff can justly complain; nor, indeed, is there an appreciable variance between it and the instruction which it is contended the court should have given but failed to give. The charge as given, we think, states more correctly the principles of law and the rule of evidence applicable to the case than that which the plaintiff insists should have been given without request.

The foregoing disposes of every material issue raised by the record. Other grounds of the motion complain of the failure of the court to give certain instructions alleged to have been pertinent to the case; but as there was no written request by counsel to give these instructions, and as they were not demanded in the absence of such a request, the failure to give them will not be held ground for a new trial. The judge's charge, taken as a whole, was eminently fair and correctly stated the principles of law applicable to the case; and whatever inaccuracies it may have contained were not of sufficient materiality to require the grant of a new trial. As before pointed out, the evidence was sharply conflicting on the vital points at issue. The jury resolved this conflict in favor of the defendant; the trial judge was satisfied with their finding, and this court will not interfere with his order overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*