29931. AYER *v.* MITCHELL.

DECIDED JUNE 17, 1943.

*B. H. Manry, J. R. Terrell*, for plaintiff in error.
*Harvey J. Kennedy*, contra.

MACINTYRE, J. The superior court entered the following judgment: "This petition certiorari is hereby sustained, and this case is remanded to the J. P. court from which same was certioraried, for retrial." To that judgment the defendant excepted. This case was entitled on the justice's court docket as Mitchell Seed and Feed Co., plaintiff, *v.* T. D. Ayer, defendant. It was likewise so entitled on the summons requiring the defendant to be and appear, etc., and the affidavit attached to the account sued on and to the summons was signed: "Per: W. H. Mitchell Jr., Mitchell Seed and Feed Co."

The defendant, in his answer in the justice's court, entitled the case, W. H. Mitchell *v.* T. D. Ayer. The verdict was: "We, the jury, find in favor of the defendant." He made no point in the justice's court that the suit was filed in the name of Mitchell Seed and Feed Co. The evidence in the justice's court demanded a find-

ing that the goods or seed in question were obtained from W. H. Mitchell, doing business under the trade-name of Mitchell Seed and Feed Co. The defendant testified that he obtained the seed in question from W. H. Mitchell, and did not deny the undisputed testimony that the seed were bought from W. H. Mitchell trading as Mitchell Seed and Feed Co. The only issue between the parties was whether a written assignment was accepted as full payment. The petition for certiorari was brought in the name of W. H. Mitchell trading as Mitchell Seed and Feed Co. The defendant moved in the superior court to dismiss the certiorari, on the ground that "The affidavit verifying said petition for certiorari was made by W. H. Mitchell Jr., individually, and not for the plaintiff in the justice court, Mitchell Seed and Feed Co. The bond in said case, as required by law to obtain said certiorari, was executed by W. H. Mitchell individually, and not for Mitchell Seed and Feed Co., and the suit in the lower court was docketed in the name of the Mitchell Seed & Feed Co., and no certiorari has been filed in said case, but was filed in the name of W. H. Mitchell Jr., who was not a party plaintiff in the justice court."

If the writ of certiorari was issued on August 9, 1941, it was incumbent on the justice of the peace to file his answer at the September term, 1941. He did not file his answer until the November term, 1941. If the writ was issued on August 12, 1941, this would have made the writ returnable to the November term, 1941, and the answer of the justice of the peace was filed in due time. The date appearing at the top of the writ was August 9, 1941, but the clerk of the superior court, by an affidavit attached, swore to the following certificate: "I, M. P. Owen, Clerk of the Superior Court of Lamar County, Georgia, do hereby certify as follows: I certify that the date of the filing of the petition of certiorari, namely August 12th, 1941, in my office is the correct date of filing of same, as same is in my handwriting. I further certify that the date appearing at the top of the writ, namely, August 9th, is not in my handwriting nor is it in the handwriting of any one in my office at that time. Therefore I certify that said petition of certiorari was filed in my office on August 12, 1941, and that the writ of certiorari could not have issued until that date, and that same was not issued until said August 12, 1941. Witness my hand and official seal of office, this the 14th day of Sep-

tember, 1942." The judge allowed this certificate filed, in the following order: "Let the above certificate be filed in office with the papers in the above-stated case, and same is hereby made a part of same. This done in open court this the 14th day of September, 1942." The certificate was filed on the 14th day of September, 1942.

The act of the clerk in making and filing this certificate above in question does not stand on the same basis as the act of the judge in signing the certificate to the bill of exceptions, which with the bill of exceptions constitute the writ of error. *Cordray* v. *Savannah Union Station Co.*, 134 *Ga.* 865 (2), 867 (68 S. E. 697). We think it was undoubtedly not only the right, but the duty of the court, upon the suggestion that the date at the top of the writ of certiorari was incorrect, to call upon the clerk to certify the correct date of the issuing of the writ, so that the judge might have official information from the proper source upon which to predicate his action. *McDaniel* v. *Columbus Fertilizer Co.*, 109 *Ga.* 284 (34 S. E. 598). The judge, with this official information from the proper source, found that the writ of certiorari was issued and filed on September 12, 1941, and refused to dismiss the certiorari on this ground. In this he did not commit error. Conceding that the bond was made by W. H. Mitchell, and the affidavit to the petition of certiorari was made by W. H. Mitchell, as stated in the motion to dismiss (notwithstanding that neither of them appears in the record), still the judge did not commit error in overruling the motion to dismiss; for the undisputed evidence showed that there was no such person as Mitchell Seed and Feed Co., but that this was only the trade name of W. H. Mitchell.

The court did not err in granting a new trial. *Bell* v. *Felt,* 119 *Ga.* 498 (46 S. E. 642); *Shirley* v. *Swafford,* 119 *Ga.* 43, 44 (45 S. E. 722). The evidence in the justice court did not demand a verdict in favor of the plaintiff in error; and this court will not disturb the first grant of a new trial on certiorari, where the verdict was not demanded by the evidence. *Walker* v. *Hughes,* 120 *Ga.* 1079 (48 S. E. 387). The judge did not err in granting a new trial on certiorari.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*