19982. BUTTS COUNTY *v.* PITTS *et al.*

ARGUED FEBRUARY 10, 1958—DECIDED MARCH 7, 1958.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, W. M. Redman,* for plaintiff in error.

*Ernest M. Smith, Albert D. Fears, Ray M. Tucker,* contra.

HEAD, Justice. In the present case the Court of Appeals, on its own motion, with Felton, C.J., and Townsend, J., dissenting, dismissed the writ of error because the clerk of the trial court failed to mark the bill of exceptions "filed" in his office. The motions for rehearing filed by the plaintiff in error in that court were denied. The application for certiorari to this court was granted.

The decisions cited and relied upon by the Court of Appeals for the ruling made are not in point on their facts, and have no application in the present case. In *Partee v. State,* 53 *Ga. App.* 323 (185 S. E. 592), and *Finch v. State,* 73 *Ga. App.* 268 (36 S. E. 2d 362), the bills of exceptions were actually marked filed by the clerk, but not within fifteen days from the date of the certificate of the trial judge, as required by Code (Ann.) § 6-1001.

Code § 6-918 provides: "If any sheriff, clerk, or other officer shall fail to discharge any duty required of him by any provision of this Title, upon petition the appellate court, or the judge of the superior or city court, as the case may be, may compel the performance of such duty by mandamus, and no suitor shall lose any right by reason of the failure of such officers to discharge their duties, where he has been guilty of no fault himself and has exercised ordinary diligence to secure their discharge of duty." It is only in cases where the clerk may refuse or fail to act that he would be subject to mandamus. If he acts at all, however erroneously, he would not be liable to the process of mandamus. *Duke v. Trippe,* 6 *Ga.* 317, 321.

Since there was no motion to dismiss, and counsel for the plaintiff in error were without notice of the failure of the clerk to properly mark filed the bill of exceptions, it does not appear

that there has been any failure of duty or failure to exercise ordinary diligence on the part of the plaintiff in error or his counsel.

Code § 6-1304, enacted in 1881, provides as follows: "No writ of error shall be dismissed in the appellate court on any ground whatever which can be removed during the term of the court to which the said writ of error is returnable, and the appellate court shall give such time, during said term, even to the end of the same, as may be necessary to remove said ground, if it can be removed during the said term."

The above-quoted Code sections were applied, in 1885, in *Searcy* v. *Tillman,* 75 *Ga.* 504 (3c), where a motion was made by counsel to dismiss the writ of error. It was there said: "A record and bill of exceptions did not show the date of filing. Counsel for plaintiff in error applied for a mandamus against the clerk to supply this omission, making affidavit that the papers were handed to that officer and filed in office within the time prescribed by law, and that the clerk failed to mark on them the date of filing. The clerk answered that the facts were as stated: *Held,* that this was a defect which could be cured, and a motion to dismiss the writ of error for want of proper entry of filing will be refused." In the body of the opinion, at page 508, this court said: "The objection in question was one that, in our opinion, could be removed, and we think it was removed; neither the party nor his counsel in this case failed to perform any act required of them by the law, and *we have neither the inclination nor power to evade or fritter away a right secured to parties by a plain statutory enactment,* the purpose of which we think is unmistakable. Wherever the intention of the law-makers is apparent, it is our duty to give it effect, and we cheerfully follow and obey its mandates. There is nothing in this motion to dismiss, and it is overruled." (Italics ours.)

In *McDaniel* v. *Columbus Fertilizer Co.,* 109 *Ga.* 284 (34 S. E. 598), on the call of the case in this court a motion was made to dismiss the writ of error on the ground that the bill of exceptions was not filed within the time prescribed by law. Counsel for the plaintiff in error stated in his place that the certificate entered by the clerk on the bill of exceptions did not correctly state the date of filing, and requested the court to grant an order directing

the clerk to certify the correct date. The court passed an order of the nature indicated. The clerk in his response stated that he received the bill of exceptions when he was at home sick, and that he did not mark the bill of exceptions filed until he returned to the office some days later. In the opinion of the court it is said (p. 286): "It was not incumbent upon counsel to do more than place the bill of exceptions in the hands of the clerk within the time limited by the statute. This they did, for the bill of exceptions was actually in his hands on the 7th day of February, which was within fifteen days from the date of the judge's certificate. It was the duty of the clerk, on receiving the bill of exceptions, to immediately file it in his office and to certify that he had done so. His failure in this respect, being in no way attributable to any fault or omission of duty on the part of counsel, should not be permitted to work any injury to the plaintiff in error. Section 5125 of the Civil Code [now Code § 81-1205] declares that: 'The mistake or misprision of a clerk or other ministerial officer shall in no case work to the injury of a party, where by amendment justice may be promoted.' The spirit, if not the letter, of this section is certainly applicable to a case like the present."

In *Johnson* v. *Johnson*, 80 *Ga.* 260 (5 S. E. 629), on a motion to dismiss, it was held that the failure of the clerk of the superior court to file properly a bill of exceptions was such a defect as could be cured, and that time would be granted for such purpose. See also *Jolley* v. *Rutherford*, 112 *Ga.* 342 (37 S. E. 358); *Cooper* v. *Nisbet*, 118 *Ga.* 872 (45 S. E. 692); *Cooper* v. *Nisbet*, 119 *Ga.* 752 (47 S. E. 173); *Cordray* v. *Savannah Union Station Co.*, 134 *Ga.* 865 (68 S. E. 697); *Mize* v. *Harber*, 189 *Ga.* 737, 742 (8 S. E. 2d 1); *Andrews* v. *Butts County*, 29 *Ga. App.* 302, 304 (114 S. E. 912); *Brown* v. *Johnson-Brown Co.*, 33 *Ga. App.* 419 (126 S. E. 550); *Brinson* v. *Ga. R. Bank &c. Co.*, 45 *Ga. App.* 459 (165 S. E. 321); *Southern Grocery Stores* v. *Greer*, 68 *Ga. App.* 583, 587 (23 S. E. 2d 484); *Ayer* v. *Mitchell*, 69 *Ga. App.* 544, 546 (26 S. E. 2d 310); *Jones* v. *Smith*, 83 *Ga. App.* 798, 801 (65 S. E. 2d 188).

When the decision of the Court of Appeals was rendered, counsel for the plaintiff in error filed an affidavit that the bill of exceptions was filed in the office of the clerk of the superior

court on August 17, 1957, being the same date that the bill of exceptions was approved by the trial judge; and at the same time an affidavit by the clerk of the superior court was tendered, to the effect that the bill of exceptions was filed by counsel on August 17, 1957, which was on Saturday, the same date of the hearing on the matter before the trial judge, and the clerk requested that he be allowed to place the correct date nunc pro tunc of the filing of the bill of exceptions. Thereafter the clerk filed a second certificate, wherein he stated that he did not remember the date that the bill of exceptions was filed by the plaintiff in error, but he knew that it was filed.

If the Court of Appeals elects to act upon these statements by the clerk of the trial court (as both the majority and dissenting opinions seem to consider proper), it is bound by the first certificate, because it is therein positively stated that the bill of exceptions "was filed on the 17th day of August", and that, "This day was on Saturday and I recall that the same was the same day that a hearing on the matter was had before the Judge Superior Court." The record discloses that the judge certified the bill of exceptions on the 17th day of August. This court will take judicial cognizance of the fact that the 17th day of August, 1957, was on Saturday. The clerk's second certificate in no wise limits, restricts, or contradicts his first certificate, that the bill of exceptions was filed on the same date it was certified by the judge of the superior court.

The motions for rehearing filed by the plaintiff in error in the Court of Appeals sufficiently raised the question that the court was without authority to dismiss the writ of error, and neither Rule 43 of the Court of Appeals, nor any other rule of that court, can supersede the plain mandate of the statutes of this State, and the applicable decisions of this court and the Court of Appeals.

*Judgment reversed. All the Justices concur.*