### 42458. SIMS, Executor v. UNITED STATES FIDELITY & GUARANTY COMPANY.

HALL, Judge. The plaintiff appeals from the judgment of the trial court sustaining the defendant's general demurrer and dismissing his petition against the security on a performance bond for the Clerk of the Superior Court of Oglethorpe County, executed in accordance with *Code* § 89-401 et seq. to recover for the loss sustained by the plaintiff allegedly due to the clerk's negligent performance of his official duty to enter the date of the filing of a bill of exceptions in his office. It is alleged that the plaintiff filed his bill of exceptions on December 28, 1959, and the clerk made the official entry thereon that it was filed in his office on January 6, 1960, making it erroneously appear on the plaintiff's appeal to the Supreme Court that the bill of exceptions was not filed with the clerk within the time provided by law, and for this reason the Supreme Court dismissed the plaintiff's appeal. See *Sims v. McElhannon,* 215 Ga. 808 (113 SE2d 437). And it is alleged that the dismissal of the appeal resulted in injury to the plaintiff in that his case was not reviewed by the Supreme Court, and in a loss to the plaintiff of $3,000 which he had paid attorneys as a fee to obtain a review of the superior court judgment adverse to him.

The petition shows that the clerk made an affidavit, which was attached to a motion for rehearing filed in the Supreme Court in the dismissed case, in which he swore that the bill of exceptions was filed on December 28, 1959, and the date of entry of filing thereon was entirely his error. The opinion in *Sims v. McElhannon,* 215 Ga. 808, supra, shows that the Supreme Court disregarded that affidavit. In *McDaniel v. Columbus Fertilizer Co.,* 109 Ga. 284 (34 SE 598), the Supreme Court decided that upon counsel's suggestion that

the date named in the clerk's certificate was incorrect, "it was . . . not only the right but the duty of the court . . . to call upon [the clerk] to recertify in this regard, to the end that we might have official information from the proper source upon which to predicate action." The opinion recognized that "No writ of error shall be dismissed in the appellate court on any ground whatever which can be removed during the term of the court to which the said writ of error is returnable, and the appellate court shall give such time, during said term, even to the end of the same, as may be necessary to remove said ground, if it can be removed during the said term." *Code* § 6-1304. Accord *Butts County v. Pitts,* 214 Ga. 12 (102 SE2d 480) ; *Ayer v. Mitchell,* 69 Ga. App. 544, 546 (26 SE2d 310) ; *St. Paul Mercury Indem. Co. v. Koppers,* 95 Ga. App. 687, 695 (99 SE2d 275). Cf. *Jones v. Smith,* 83 Ga. App. 798 (65 SE2d 188).

Assuming that pursuant to this law and precedent the Supreme Court in *Sims v. McElhannon,* 215 Ga. 808, supra, should have directed the clerk to recertify the date of filing the bill of exceptions and should have considered that case on its merits, it appears that the court did not do so. However, we assume that had the Supreme Court's attention been called to the *McDaniel* case, and others cited supra, when it was considering the *Sims* case, it would, upon counsel's request, have directed the clerk to recertify the bill of exceptions and that the clerk would have followed that direction. The petition shows that the clerk did what he was called upon to do to enable the Supreme Court to review the plaintiff's appeal, and it cannot be said that the neglect of the clerk prevented the review. We need not decide whether or not the erroneous entry of the clerk alleged in the present case could have breached the condition of ·faithful performance and created liability under the bond sued upon, since for the reasons stated above the plaintiff's alleged injury and damage was not caused by that erroneous entry.

The trial court did not err in sustaining the defendant's general demurrer and dismissing the petition.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JANUARY 3, 1967—DECIDED JANUARY 20, 1967.

*Larry Cohran, James R. Venable,* for appellant.
*Rupert A. Brown,* for appellee.