Peterson and others *vs.* Taylor and another.

---

No. 68.—ROBERT B. PETERSON and others, plaintiffs in error, $\frac{15}{123}$ $\frac{483}{880}$ *vs.* WILLIAM TAYLOR and another, defendants in error. .

[1.] A certificate of the clerk, entered upon a paper at the time it is filed, is the best evidence of such filing ; but it is not necessary evidence. In its absence, other testimony may be properly admitted, to prove that such paper was filed.

Motion for new trial, in Randolph Superior Court. Decision by Judge PERKINS, April Term, 1854.

Counsel for Peterson and others moved, in the Court below, to discharge a rule *nisi*, for a new trial, granted at March Term, 1852, on the ground that no brief of the evidence was *filed* in the Clerk's office, as required by the rule. The brief of evidence was agreed upon by the counsel, in writing, and this agreement entered on the minutes. There was no entry thereon by the Clerk, of " filed in office." The Clerk and his deputy both made oath, that it never was filed with them, as far as they knew : that R. C. Carithers, Esquire, one of the solicitors for Peterson and others, applied, several times, for the brief, and it could not be found. *A. Hood*, Esquire testified that he found the brief in the clerks office, about three weeks before that session of the Court, and delivered it to S. Jones, Esq. *L. Warren, Esq.* testified that the brief was agreed on in open Court; and it was then agreed to have the motion argued at Americus; and he supposes the brief was taken, with the papers, to that place. *R. C. Carithers* testified that he "took up" certain papers, (part of the brief,) on the day the rule wa

granted, such as belonged to his clients, and delivered them, afterwards, to Mr. Benning.

The Court below refused to discharge the rule for a new trial, and this is assigned as error.

Judge BENNING having been formerly of counsel in this case, did not preside.

S. JONES, for plaintiffs in error.

H. HOLT and WARREN, for defendants.

*By the Court.*—STARNES, J., delivering the opinion.

The question made for our consideration, in this case, relates to the filing of the brief of evidence, in compliance with the rule of Court. That brief seems to have been agreed upon by the counsel. But it is insisted that it never was filed in terms of the law.

[1.] We think that a certificate of the Clerk, entered upon the brief at the time it is filed, is the best evidence of such filing, but that it is not necessary to the act of filing.

"A paper is said to be filed, when it is delivered to the proper officer, and by him received, to be kept on file". (13 *Vin. Abr.* 211. 1 *Bouv. L. Dic.* 568.)

The written memorandum of the Clerk is but the evidence of the delivery to him, of the paper intended to be filed. In its absence, other testimony may properly be admitted, to show that such paper was filed. Is there such testimony in this record?

According to the evidence of the deputy Clerk, that officer "did not know whether or not said brief of evidence ever had been in office", &c. "as he had no recollection of ever having seen it". He further states his recollection, that Robert G. Carithers, one of the solicitors for the complainants "had, at different times, applied for said brief of evidence, and was answered that it was not in office".

From the testimony of the Clerk, it appears that "he had no recollection of the brief of evidence or other papers in the case being handed to him, or placed in the office during the March Term, 1852, by any person; and that Robert C. Carithers, Esq. called several times and asked for said brief, and that he examined and could not find it in office, and informed said Carithers that it was not in office; but a short time before the present term of the Court, Mr. Hood came and took out a bundle of papers in the case, but whether the brief of evidence was in the said bundle, he does not know; nor does he know how the said papers got into the office, as he had examined for them before, and did not recollect of any person bringing them to the office, and placing them there," &c.

Mr. Hood states, that "he had got said brief of evidence out of the Clerk's office, about three weeks before the present term of this Court, and that he gave it to S. Jones, Esq.", &c.

Now, unless the fact that Mr. Hood found these papers in the office, at the time he did, shows that they had been filed, there is nothing in this evidence, to prove such filing; and it may be very well doubted, whether or not, in view of the testimony of the Clerk and his deputy, the finding of the papers by Mr. Hood, under all the circumstances, showed that they had been ever legally and technically filed—that is to say, had been ever *delivered to the proper officer, and by him received, to be kept on file.* But the testimony of Mr. Carithers, proves that, *as a whole,* the brief of evidence was not found, by Mr. Hood, in the office. Mr. C. states, that "on the day the *rule nisi* was granted, he took up the original declaration, the transcripts of the records of the two cases from Hancock county, and two or three sets of interrogatories, which had been introduced by complainants, and afterwards, handed them to Mr. Benning, at Columbus". This original documentary evidence was, by the agreement of counsel, (as the record shows,) made a part of the brief of evidence to be used on the trial; and was, therefore, a portion of that which should have been filed. Yet, Mr. Carithers says, that on the day the rule was granted, he took up this portion of the evidence and carried it away. He does

not say that he took it off of file, or out of the Clerk's office, or from that officer, but that he *took it up*—most probably from where. it lay, on the desk of the counsel. This shows very plainly, that this portion of the evidence never was filed; and, as a consequence, that the brief of evidence, *as a whole*, never was formally filed. Indeed, it serves to afford a presumption, that even the other portions of the evidence found by Mr. Hood, never were legally filed.

We are sorry, that from mere inadvertence, or from the confidence of intimate professional relations, this matter should have been, probably, so managed, as to fall short of compliance with the rules of Court; and that this default, so entirely technical in its character, should be allowed to bring such serious consequences to the defendants, in this case. But we are called on to administer the law, in its strictness, and are, thus, compelled to say, that the brief of evidence, in this case, has not been filed according to law.

Judgment reversed.