COTHRAN, next friend, *et. al. vs.* BROWER *et. al.*

1. Where the exception is to the refusal of the court below to dismiss a motion for new trial for want of service in proper time, if there be nothing to show that any evidence was introduced by either side on the motion to dismiss, this court will presume that there was none, but that the question was determined by the court below from an inspection of the record, and a motion to dismiss the writ of error because no evidence is contained in the bill of exceptions will be overruled.

2. Except in extraordinary cases, all applications for a new trial must be made during the term when the trial was had. Where an order was taken *ex parte,* allowing a motion for new trial to be made in vacation, and it was so made, it was fatally defective.

3. If a consent order was taken during the term of the trial, allowing a specified time within which to make out and file a motion for new trial in vacation, and another specified time within which service thereof should be made upon the respondent, every condition of the consent must be complied with, or the consent goes for naught. Where no service appears to have been made within the time prescribed, the motion for new trial will be dismissed on motion.

November 13, 1883.

New Trial. Practice in Superior Court. Practice in

Cothran, next friend, *et al. vs.* Brower *et al*

Supreme Court.    Before Judge Brown.    Floyd Superior Court.    March Term, 1883.

Reported in the decision.

D. S. Printup; J. W. H. Underwood, for plaintiffs in error.

C. N. Featherston; T. W. Alexander, for defendants.

Blandford, Justice.

The plaintiffs filed their bill against defendants, and obtained a decree. During the term, on motion of defendants, the presiding judge ordered that they be allowed until the first Monday in May thereafter to make out and file a motion for new trial, together with a brief of the evidence, and that the decree rendered in said case be superseded pending said motion, and that movant serve upon the counsel for complainants a copy of the motion by the 4th Monday in March next thereafter, and the same was set for a hearing before his Honor, James R. Brown, at Canton, Georgia, on that day, which order was dated January 27th, 1883. At the hearing before Judge Brown in May, counsel for the respondents moved to dismiss said motion, upon the ground that no service of said motion had been made by the terms of said order. The court overruled said motion to dismiss, and respondents excepted, and now present this writ of error to review and reverse the ruling of the court refusing to dismiss the motion for new trial.

The defendants in error moved to dismiss the writ of error in this case, upon the ground that no evidence is set out in the bill of exceptions, upon which said motion to dismiss the motion for new trial by plaintiff in error was based before the court below. The bill of exceptions and the record in the case do not show that any evidence was submitted to the court by either party upon the motion to dismiss the motion for new trial made by defendants in

error; it is to be presumed that the record in the case was before the judge who heard the motion, and nothing else. There was no evidence submitted by either party; hence we conclude said motion was heard and decided upon the record alone. The motion to dismiss this writ of error is overruled.

The question in this case is, under the facts already stated, should said motion to dismiss the motion for new trial have been overruled? The order of the presiding judge authorized the defendants to make out a motion for new trial in vacation; nor does it appear that the motion for new trial in this case was made during the term. This was fatal of itself to the motion, it not appearing that this was an extraordinary case. By Code, §3719, it is provided: "All applications for new trial, except in extraordinary cases, must be made during the term at which the trial was had, but may be heard, determined and returned in vacation." But the plaintiffs in error insist that the order granted in this case was based upon consent of the plaintiffs, and that as it appeared that a condition in the order required that the motion for new trial should be served on the counsel for plaintiffs by the fourth Monday in March, before the motion was to be heard in May, which the record showed had not been done, that then the motion should be dismissed. If the order was based upon the consent of the plaintiffs (which does not appear), then it is material that every condition of such consent should have been complied with; that the motion should have been served by the fourth Monday in March on the plaintiffs, or else the consent goes for naught, and said order will stand as if no consent had been granted; and no such service having been made, the motion is as if no consent therefor had been made by plaintiff; consequently, by §3719 of the Code, the motion must be made during the term at which the trial was had, and this not being done, it follows that the judgment overruling the motion to dismiss the motion for new trial filed by defendants in error, must be reversed.

Judgment reversed.