W. L. HODGES and A. G. McCURRY, for plaintiff in error.

---

LASLIE *et al.* *v.* LASLIE *et al.*

On the same day upon which a case was tried, a motion for a new trial was made out and presented to the judge, who granted a rule *nisi*, which was immediately served. At the same time a consent order was passed continuing the hearing of the motion to a future day in vacation, the order providing that a brief of evidence should be submitted to respondent's counsel within twenty days and that the brief of evidence be approved at the hearing. The brief was submitted to respondent's counsel within the time prescribed by the order. On the day first appointed for the hearing of the motion, and at various times thereafter, orders were passed continuing the hearing, each order providing that the brief of evidence should be corrected and approved at the hearing. The last of these orders fixed January 22, 1891, as the time for the hearing. On that day the hearing was by a consent order again continued until March 20, 1891, "under same terms as previous orders." On the day last named, it was ordered that the motion be continued until the February adjourned term of the superior court, to be held the first Monday in May, "for the correction and approval of the brief of evidence in said case and for the hearing of said motion for new trial." During that term the brief of evidence was "agreed to" in writing by counsel for both sides and the judge, all of whom signed the written agreement; the motion was argued on the merits, and the judge reserved his decision, no motion to dismiss the motion for a new trial having been made. This judge went out of office without rendering a decision, and his successor after-

wards, on motion of respondent's counsel, dismissed the motion for a new trial, on the ground that the brief of evidence " was not approved and filed within the terms of consent orders granted in said case as required by law." Under the facts recited, it was error to dismiss the motion for a new trial.

(a) The effect of the order of January 22, 1891, and the orders of continuance subsequently passed, was to renew and extend the original right of movant to have the brief of evidence approved at the hearing.

(b) The signing by the judge of an entry on the brief of evidence expressing that it was " agreed to," was in effect an approval of the brief.

(c) The failure to have the brief of evidence marked " filed in office " by the clerk, was waived by arguing the motion on the merits. Besides, it appears that the motion for a new trial and the brief of evidence were in fact deposited in the clerk's office at the term when the motion was heard.                    *Judgment reversed.*

April 30, 1894.  Argued at the last term.

Motion for a new trial.   Before Judge SMITH.   Dodge superior court.   March term, 1893.

DeLACY & BISHOP, for plaintiffs.

E. A. SMITH, for defendants.

---

