## COLLIER v. THE STATE.

There being no law authorizing the filing of a motion for a new trial in vacation, such a motion thus filed, even though based upon meritorious grounds and though upon the facts recited therein it should, if filed in term, be properly dealt with as an "extraordinary motion," is in law a mere nullity. It is therefore erroneous for a judge of a superior court to take jurisdiction of such a motion; and when he does so and undertakes to decide it upon its merits, the judgment will be reversed.

| 115 | 17 |
|-----|-----|
| 115 | 243 |
| 115 | 17 |
| 116 | 536 |
| 116 | 537 |
| 115 | 17 |
| 126 | 578 |

Argued February 17, — Decided March 26, 1902.

Motion for a new trial. Before Judge Fite. Whitfield superior court. December 23, 1901.

*W. C. Martin* and *W. M. Jones*, for plaintiff in error.

*Boykin Wright,* attorney-general, and *S. P. Maddox,* solicitor-general, contra.

FISH, J. From the record in this case we gather the following facts: At a special term of the superior court of Whitfield county, held on the 19th and 20th days of November, 1901, Bill Collier was indicted for rape, charged to have been committed, in that county, on the 15th day of November, 1901. His trial was had during the two days named. On the last-mentioned day he was found guilty, and immediately sentenced to be hung. The court was adjourned within ten or fifteen minutes after sentence was pronounced. Subsequently a motion for a new trial was made, which recites that the movant comes, "on this 3rd day of December, 1901," and moves the court to set the verdict aside and grant a new trial. The grounds set out in this motion are the general ones. It does not appear that this motion was tendered to the judge, or acted upon by him, until the 12th of December, 1901, on which day the motion was amended by the addition of several special grounds. Appended to the motion is an order, approving the grounds of both the original and amended motion, and calling on the solicitor-general to show cause, at Dalton, on the 18th of December, 1901, why the motion should not be granted. This order was signed by the judge on the 12th day of December, in vacation. The motion was partially heard on the 18th, and then, by written order, continued until the 23rd of December, 1901, on which last day it was, by written order, overruled. It will be seen that everything connected with the motion for a new trial took

2

place during vacation; that no motion for a new trial was made in term, and no order in reference to such a motion was granted during term. Under the facts stated, was the trial judge legally authorized to hear and determine the motion for a new trial? We are clearly of opinion that he was not. Under our practice, every motion for a new trial, whether ordinary or extraordinary, must be made during term. An ordinary motion must be made during the term at which the trial was had; an extraordinary one may be made during a subsequent term. This rule of practice has been definitely settled by the decisions of this court, in construing the provisions of the law upon the subject, now contained in the Civil Code, §§ 5484, 5487. Following the dissenting opinion of Chief Justice Warner in *Spann* v. *Clark*, 47 *Ga.* 369, it was held in *Brinkley* v. *Buchanan*, 55 *Ga.* 342, that "It is not competent for a judge of the superior court, sitting at chambers, to entertain an original motion for new trial, where no prior order has been passed on the subject in term time." A similar ruling was made in *Ferrill* v. *Marks*, 76 *Ga.* 21. The rule was again recognized in *Blalock* v. *Waggoner*, 82 *Ga.* 122. The motion for a new trial in this case, though apparently based upon meritorious grounds, and though upon the facts recited therein it should, if filed in term, be properly dealt with as an extraordinary motion, was in law a mere nullity, and it was erroneous for his honor, the trial judge, to take jurisdiction of the same and undertake to decide it upon its merits. His ruling thereon must, therefore, be reversed; and in so doing we give appropriate direction for the guidance of the court below.

*Judgment reversed, with direction. All the Justices concurring, except Little and Lewis, JJ., absent.*