## JOHNSON *v.* THE STATE.

A motion for a new trial made in vacation, nothing relating thereto having been done in term, is in law a mere nullity. It is therefore erroneous for the judge of a constitutional city court to take jurisdiction of such motion; and when he does so and undertakes to decide it upon its merits, the judgment will be reversed.

Argued October 22, — Decided November 12, 1902.

Motion for new trial. Before Judge Lewis. City court of Mount Vernon. August 8, 1902.

116 535
Case 2
116 537
116 535
Case 2
126 57

*A. B. Hutcheson*, for plaintiff in error.

*W. B. Kent, solicitor,* contra.

COBB, J. The accused was placed upon trial in the city court of Mount Vernon, upon an accusation charging him with the offense of larceny from the house. He was tried by the judge without a jury, and a judgment of guilty was rendered on July 19, 1902, during the July term of the court. Immediately thereafter the court adjourned for the term. On July 21, which was the Monday following the adjournment of the July term on the preceding Saturday, the accused filed a motion for a new trial, which came on to be heard on August 8, and was on that day overruled. The accused filed a bill of exceptions, assigning error upon the judgment overruling the motion for a new trial.

By reference to the act creating the city court of Mount Vernon, it appears that that court holds both monthly and quarterly terms. A monthly term is held on the second Monday in each month for the trial and disposition of criminal business; and the quarterly terms are held on the second Mondays in January, April, July, and October, for the trial and disposition of either civil or criminal business or both. The motion for a new trial in the present case was made in vacation. The next term of the court following the filing of the motion began on the 11th day of August. It appears distinctly from the record that the July term adjourned on July 19. It does not appear that any special term of the court was called for the disposition of either civil or criminal business on August 8. Therefore, so far as the present record discloses, the motion for a new trial was decided in vacation. It is well settled now that a motion for a new trial can not be properly made in vacation; and that a motion made at such a time, although based upon sufficient grounds to constitute an extraordinary motion for a new trial, is, when nothing has been done in relation to the motion in term time, a mere nullity. See *Collier* v. *State,* 115 *Ga.* 17; *Jinks* v. *State,* Id. 243. It was therefore erroneous for the judge to take jurisdiction of the motion for a new trial, and a reversal of the judgment necessarily results; but appropriate direction will be given for the guidance of the court below.

*Judgment reversed, with direction.* *All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*