HOWARD v. GULF, C. & S. F. RY. CO.

(Court of Civil Appeals of Texas. March 1, 1911.)

1. CONTEMPT (§ 10*)—CLERKS OF COURTS—ANTEDATING FILING.

It is contempt for a clerk of a court to antedate filing of a paper filed out of time so as to show filing within time, or for an attorney to induce such misconduct.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 19–22; Dec. Dig. § 10.*]

2. CLERKS OF COURTS (§ 8*)—"OFFICIAL MISCONDUCT"—ANTEDATING FILING.

Antedating by a clerk of a court of the filing of a paper filed out of time, so as to show filing within time, is official misconduct warranting his removal under Rev. St. 1895, art. 3531.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 26–29; Dec. Dig. § 8.*

For other definitions, see Words and Phrases, vol. 6, pp. 4953, 4954.]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

3. CLERKS OF COURTS (§ 67*)—DUTY—FILING PAPERS.

A clerk of a court must indorse the correct file mark on all papers filed with him.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 101–108; Dec. Dig. § 67.*]

4. ATTORNEY AND CLIENT (§ 41*)—DISBARMENT—GROUNDS.

Inducing a clerk of a court to antedate filing on a paper to secure a lost right is ground for disbarment of the attorney who does so.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 53; Dec. Dig. § 41.*]

5. EVIDENCE (§ 253*)—ADMISSIONS—EFFECT.

An admission by a clerk of court that he antedated filing of a statement of facts actually filed out of time does not bind appellant nor an attorney charged to have induced such misconduct.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 994–1002; Dec. Dig. § 253.*]

6. APPEAL AND ERROR (§ 655*)—STATEMENT OF FACTS — FILING — TIME — EVIDENCE—WEIGHT.

On motion to strike out statement of facts on the ground that it was filed out of time, evidence *held* to show that the statement was actually filed within time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2823–2825; Dec. Dig. § 655.*]

Appeal from District Court, Montgomery County; L. B. Hightower, Judge.

Action by E. F. Howard against the Gulf, Colorado & Santa Fé Railway Company. From the judgment, plaintiff appeals. On appellee's motion to strike the statement of facts. Motion overruled.

F. J. Duff and W. N. Foster, for the motion. Nugent & McMahon, opposed.

KEY, C. J. This case was tried in the district court of Montgomery county, and appealed to the Court of Civil Appeals for the Second district, and, by order of the Supreme Court, has been transferred to this court. After the case reached this court, appellee filed a motion to strike out the statement of facts for the following reasons: "Because said statement of facts was not filed in the trial court or with the clerk of the trial court within the time allowed by law and the orders of the court trying said cause, and in this connection the appellee upon information and belief states the following: That the time allowed for the filing of said statement of facts expired prior to the 18th day of April, 1910, to wit, on April 16, 1910; that said statement of facts was not handed or sent to the clerk of said court until April 18, 1910; that said clerk placed his file mark upon said statement of facts as of that date, April 18, 1910; that subsequent to thus filing said statement of facts the clerk of said court changed his file mark and made the same read April 14, 1910, which was not the true date when said statement of facts reached the clerk of said court or was filed with

him; and in this connection the appellee refers the court to the file mark contained on the back of said statement of facts now on file with the record in this cause in this court, and to the certificate of the clerk of the trial court, which is hereto attached and made a part of this motion."

The motion is accompanied by and predicated upon the following official statement made by the district clerk of Montgomery county (caption omitted): "Appellee has shown to me the file mark on the statement of facts in this case, which file mark was made by me, calling my attention to the fact that the mark seems to have been one date originally, and then to have been changed to another, and asked for an explanation. The original file mark and the change were made by me, and I now certify that, according to my best recollection, the statement of facts was filed with me on the 18th day of April, 1910, and that I placed the date accordingly. I also changed the date to make it read April 14, 1910. It is my invariable custom to give a file paper the date it reaches my hands, that is, make the file show the date I receive the paper, either by same being handed to me or receiving the same from the post office, but I have on several occasions, upon request being made, made the file mark show a date anterior to the time of the actual filing; and it is my best recollection I did so in this instance. I further state that in this instance there would have been no occasion for me to have written on this statement of facts, April 18, 1910, and then to have changed the same to April 14, 1910, without I had been requested to do so by appellant's counsel, and to the best of my recollection the said statement of facts must have reached my hands on the 18th day of April, 1910, and while I cannot positively state that said date was changed to the 14th at the request of appellant's counsel, still my best recollection is that one of the counsel for appellant requested me to make such change, otherwise I would not have done so. I certify to the above under my hand and seal of the district court of Montgomery county, Texas. [Signed] Alf Morris, Jr., Clerk of the District Court of Montgomery County, Texas. [Seal.]"

The record shows that the 17th day of April, 1910, was the last day on which the statement of facts could properly have been filed. Appellant has filed an answer to the motion controverting the facts stated in the clerk's certificate. His answer contains affidavits made by both of his attorneys. One of the attorneys swears as follows: "My name is C. W. Nugent. I am a regularly licensed and practicing attorney of the state of Texas, and licensed to practice in the United States courts. I was leading counsel for the appellant, E. F. Howard, on the trial of his cause in the district court, and was assisted

therein by my partner, Winston McMahon. I presented to Judge Hightower and had him make orders upon the two applications for extension of time for the filing of the statement of facts in this cause after the same was appealed, and I had my partner, Mr. McMahon, in person, take the statement of facts to Judge Hightower at Kountze, for his approval and signature. The date of the approval shows to be April 12, 1910. I know that said statement and copy was thereafter filed with the clerk of the district court of Montgomery county, Texas, on the 14th day of April, 1910, and that the same was not filed at a later date and dated back upon my request or upon the request of Mr. McMahon. I am positive of the above facts, and know most certainly that said statement was filed on the 14th of April, and not afterwards."

And the other attorney's sworn statement is as follows: "My name is Winston McMahon. I am a regularly licensed and practicing attorney of the state of Texas. I assisted my partner, C. W. Nugent, upon the trial of the cause of E. F. Howard v. G., C. & S. F. Ry. Co., now on appeal, and thereafter assisted in the matter of perfecting the appeal of said cause. I took the statement of facts and copy thereof to Kountze on April 12, 1910, and presented them to Judge L. B. Hightower for his signature. Coming back to Conroe that night, the statement was filed by me on the 14th of April, 1910, and I know most positively that I did not wait until the following week to file said statement and then request the clerk to change the date in order to bring it within the time limited by the court for the filing thereof. I attended to the filing in person, handing it to the clerk of the district court, and made no request then or at any other time that the file mark be dated back. The filing of appellee's motion was unknown to us, until we were informed by one of the attorneys at this bar that the same had been submitted, and it was then that we learned the substance of said motion, upon investigation, and that the clerk had made a certificate as to his recollection of our request to change the file mark. This was the first intimation that we or either of us had that such an idea existed, and I know most positively that neither I nor Mr. Nugent ever made any such request of the district clerk."

The written statement of the district clerk of Montgomery county seems to admit that, at the request of appellant, and without the consent of appellee, he was guilty of the grossly fraudulent conduct charged against him in the motion to strike out the statement of facts. If that officer was guilty of the charge made against him and seemingly confessed, he is not only subject to punishment for contempt of court, but ought to be removed from office on account of official misconduct. Article 3531, Rev. St. 1895; Harris v. Hopson, 5 Tex. 529.

It is not only the general duty of a clerk to treat all litigants impartially, but it is his especial duty to indorse the correct file mark on all papers required to be filed. And when, without the consent of both litigants, and for the purpose of securing to one of them a right which he otherwise would not have, that officer willfully misdates his file mark, he commits an act which is a fraud upon the other party and constitutes gross official misconduct, and for which he can and should be removed from office, as well as punished for contempt of court. Also, if he is induced to commit such act by an attorney representing the party to be benefited thereby, the attorney so offending can and should be disbarred and not permitted to continue the practice of his profession, as well as punished for contempt of court.

In the case last above cited it was made to appear that a deputy clerk who was also interested in the suit had fraudulently antedated an appeal bond; and, in deciding the motion to dismiss the appeal for that reason, the Supreme Court characterized the conduct of the official referred to in these words: "Seldom has such an act of fraud and official delinquency been presented to the consideration of any court. What then is this court, under such circumstances, to do? Are we as judges to sit patiently and in quiet submission to being made the instruments by which this bad man and corrupt officer is to accomplish his villainy and to reap its benefits? Are we with stoic indifference to say that, although we ourselves are convinced to a moral certainty that the sanctity of judicial records has been invaded and most sacrilegiously violated and a forged bond foisted into the records of our court, we are powerless; that we cannot look out of the record; that as an appellate court we can listen to no evidence against the record; if it is clothed with the forms and habiliments required by law we are bound to give it effect, although we are convinced beyond all doubt that it is a vile forgery? Is it true that we are thus powerless, and that we must be the instruments by which the criminal is to accomplish the end and object of his crimes?"

But, no matter what admission the clerk in the case at bar may have made, his admission cannot bind appellant nor his attorney upon whom it reflects; and, unless it appears from a preponderance of the testimony that the filing of the statement of facts was antedated, as alleged, appellee is not entitled to have it stricken out; and we see no reason for holding that the statement of the clerk should override the equally solemn statements of both of appellant's attorneys. On the contrary, as the clerk had no more interest in this matter than in any other official transaction, and as it was the duty of the attorneys referred to to see that the statement of facts was filed within the time allowed by law, and as one of them is much more definite and specific than the clerk as to what actually transpired, and as that attorney states positively

that he remembers that he, in person, delivered the statement of facts to the clerk on the 14th' day of April, and the clerk's statement indicates that he has no definite recollection about it, we think the testimony in support of the motion is offset by that against it. It is true that the file mark on the original statement of facts 'which is now before us indicates that the right-hand figure has been changed, and the figure "4" written over something that was underneath; but we are unable to determine whether it was an "8" or some other figure that was written under the "4."

In conclusion we deem it proper to say that, if the written statement of the clerk filed in this proceeding had not been controverted by testimony to the contrary, this court would have entered a rule requiring that officer to show cause why he should not have been punished for contempt of court.

Motion overruled.