## KEEN *v.* DAVIS & BRANDON.

Motions for new trial must be filed during the term. A judge of the superior court is without authority to grant a rule nisi on a motion for new trial made after the adjournment of the court at which the case was tried; and a written acknowledgment of service of the motion and rule nisi and waiver of further service by the adversary party will not cure the failure to make the motion in term. The proper practice is to dismiss the motion as not having been made and filed as required by the statute.

APRIL 23, 1914.

Complaint for land. Before Judge Conyers. Camden superior court. May 24, 1913.

*D. S. Atkinson,* for plaintiff in error. *S. C. Townsend,* contra.

EVANS, P. J. The plaintiffs brought an action against the defendant for the recovery of land. The case was submitted to the jury in the forenoon, and the court recessed for dinner while the case was being considered by the jury. After dinner the court reconvened, and within a short time the jury returned a verdict for the defendant. The court adjourned about four-thirty o'clock that afternoon, and after the judge had left the court-house counsel for plaintiffs presented to him a motion for new trial. The judge granted a rule nisi, and counsel for the defendant acknowledged

service of the motion and the rule nisi and waived all further
service.  On the hearing counsel for the defendant moved to dis-
miss the motion for new trial, on the ground that it was made in
vacation.  The court overruled the motion to dismiss, and granted
a new trial.  Exception is taken to these rulings.

When the motion was presented to the judge it was based upon
the ordinary grounds that the verdict was contrary to law and
evidence.  The court had formally adjourned.  There is no law
authorizing the making of a motion for new trial in vacation; it is
erroneous for the judge of the superior court to take jurisdiction
of such a motion.  Civil Code (1910), § 6089; *Perkins* v. *State,*
*126 Ga. 578 (55 S. E. 501).*  The written acknowledgment of
service upon the motion by the defendant's counsel, and his waiver
of a copy of the motion and of further service, did not have the
effect of curing the failure to comply with the requirements of the
statute as to the time of filing the motion.  *Josey* v. *Groves,* 138 *Ga.*
317 (75 S. E. 135).  When the motion came on to be heard the
defendant promptly moved to dismiss the same.  It was error to
refuse this motion.  It follows that the grant of the motion for
new trial was erroneous.

*Judgment reversed.  All the Justices concur, except Atkinson,*
*J., absent.*