## 10931. MYERS *v.* BROOKS.

Under the facts of this case the term of court in which the case was tried had expired before the motion for a new trial was made, and the motion was properly dismissed.

DECIDED MARCH 2, 1920.

Motion for new trial; from Bibb superior court—Judge Mathews. July 30, 1919.

The bill of exceptions recites that "About ten days after the said trial, to wit, on March 14th, 1919, the judge of said court, the honorable H. A. Mathews, in his office in the court-house adjoining the superior-court room, at Macon, Georgia, in the presence of McDougald Nisbet, deputy clerk of said court, and G. S. Westcott, deputy sheriff of said county, in attendance upon the said judge and court, orally stated that the business of the February term, 1919, of Bibb superior court was concluded, and announced that the February term, 1919, was adjourned, and orally instructed the said deputy sheriff to formally announce the adjournment of said court. The said deputy sheriff did then and

there formally announce the adjournment of said term of said court, which was the usual and customary manner of adjourning said court for many years past. The said judge then left Macon for his home in Fort Valley, Georgia, with no intention of returning to Macon for the purpose of transacting any further business of said February term of said court. All juries had been discharged for the said term. Thereafterwards, to wit, on March 15th, 1919, the judge of said court in his office in the city of Macon signed a written order in which he undertook to revoke said oral order of adjournment, and therein he declared the February term, 1919, of Bibb superior court to be still in session, but in recess until the further order of court. At the time such written order was signed and entered by the said judge, no entry had been made on the minutes of the oral order of adjournment, no written order of adjournment had been made, signed, or entered, no other action taken looking towards adjournment of the said term of court, other than hereinbefore set out, except that the clerk of the court had written up the minutes of that term of the court and was, at the time the written order was presented to him, then ready to actually enter said oral order of adjournment upon the minutes, which was the customary and usual manner of entering the order of adjournment in said court. After the signing of said written order and before any other had been made, signed or entered, counsel for John H. Myers, defendant in the above-stated case, on the same date, to wit, March 15th, 1919, presented to the said judge, the honorable H. A. Mathews, a motion for new trial in said case, upon which motion the said judge issued his rule nisi dated March 15th, 1919, setting the hearing of said motion for 10 o'clock on the 5th day of April, 1919, and allowing until the actual hearing of the motion for the movant to present to the court a brief of evidence in said case, and to amend the said motion." The hearing of the motion was continued from time to time until **June 7.** The bill of exceptions further shows that "respondent to said motion presented in writing a motion to dismiss the motion for new trial upon two main grounds, to wit: first, because the said motion was presented after the adjournment of the term to which the said case was tried, and, second, because movant did not present a brief of the evidence in said case on or before the 19th day of April, 1919." At the hearing the judge

passed the following order: "It appearing from the record in this case that the motion for new trial in this case was filed after the court had been regularly adjourned for the February term, 1919, of the term at which the case was tried, and that this adjournment was not affected by any subsequent order which could continue or revive the term of the court at which said case was tried, it is thereupon, on motion of respondent it is ordered that the motion for new trial filed in this case be and the same is hereby dismissed." To this order the movant excepted.

*Charles H. Garrett,* for plaintiff in error.

*Walter DeFore, James C. Estes,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) When the presiding judge dismissed the juries, announced that the business of the term was closed, that the term was adjourned, and had the deputy·sheriff in attendance on the court to announce that fact, and "the said judge then left Macon for his home in Fort Valley, Georgia, with no intention of returning to Macon for the transaction of any further business of said February term of said court," the term expired, "died a natural death." Such a term once dead is dead forever, and can know no resurrection morn. There is no law which specifically provides that the judge shall sign a special order adjourning a term of the superior court, and an adjournment may be valid and complete even when there is no such order and the judge has not signed the minutes showing the fact of adjournment. See *Worthington* v. *State,* 134 *Ga.* 261 (67 S. E. 805). This case is not analogous to those where the law requires an order or judgment to be in writing and where the judge orally announces what he proposes to write in the order or judgment. Such cases come within the well-recognized principle that "a court of record has full power, in the exercise of a sound discretion, to revive or vacate its judgments *during the term at which they are made.*" As has been said of such cases, "They are about to expire but are not dead." Under certain conditions the judge, *during the term at which it is tried,* has power to save an expiring case, but he has no power, by written order or otherwise, *after the term has been formally adjourned,*—is absolutely dead,—to revive and vitalize that term.

Under the facts of this case the term of court had expired before the motion for a new trial was filed, and as all such motions must

be made during term time, the judge did not err in dismissing the motion. See Civil Code (1910), § 6089; *Keen* v. *Davis,* 141 *Ga.* 608 (81 S. E. 868); *Collier* v. *State,* 115 *Ga.* 17, 18 (41 S. E. 261).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*