21928.   BRINSON *v.* GEORGIA RAILROAD BANK & TRUST
COMPANY.

DECIDED JULY 29, 1932.

460

*H. C. Hatcher,* for plaintiff in error.

*Fullbright & Burney,* contra.

SUTTON, J. (After stating the foregoing facts.)

Applications for new trials in the city court of Waynesboro are governed by the same laws and regulations as those in the superior courts of this State, except in specified particulars. "Whenever a case is heard at either a regular or special session of said court and defendant desires to move for a new trial, such motion must be made within two days after the adjournment of the session . . ; . . when such session shall be adjourned over for more than two days, then said motion shall be filed within two days from the date of adjournment." Ga. L. 1903, p. 176. Motions for a new trial must be filed within the time prescribed by law with the clerk of the trial court. *Keen* v. *Davis,* 141 *Ga.* 608 (81 S. E. 868) ; *Hill* v. *Young,* 116 *Ga.* 708 (43 S. E. 76). Where the time prescribed by law for filing the motion for new trial had expired before the motion was made, the motion was properly dismissed. *Myers* v. *Brooks,* 24 *Ga. App.* 793 (102 S. E. 369) ; *Josey* v. *Groves,* 138 *Ga.* 317 (75 S. E. 135) ; *Colhran* v. *Brower,* 71 *Ga.* 357.

It is the official duty of the clerk of a court to file all papers in a cause presented by the parties, and to mark them filed, with the date of filing. 11 C. J. 887; Civil Code (1910), §§ 4891, 4892, 6080. He must endorse the correct date of filing on all papers filed with him. Howard *v.* Gulf &c. R. Co. (Tex. Civ. App.), 135 S. W. 707; Davis *v.* State, 74 Tex. Crim. R. 298 (167 S. W. 299). The presumption of law is that all public officers do their duty as prescribed by law. *Beckham* v. *Gallemore,* 147 *Ga.* 323 (93 S. E. 884) ; *Hamby* v. *Collier,* 136 *Ga.* 309 (71 S. E. 451) ; *Kirk* v. *State,* 73 *Ga.* 620, 628; *McRae* v. *Adams,* 36 *Ga.* 442, 444; *Truluck* v. *Peeples,* 1 *Ga.* 1, 3. The entry of filing by the clerk is the best

evidence of filing. *Peterson* v. *Taylor,* 15 *Ga.* 483 (60 Am. D. 705). In order that a motion for a new trial may be filed, it must be delivered for that purpose to the proper officer. *U. S. Fidelity &c. Co.* v. *First National Bank,* 149 *Ga.* 132 (99 S. E. 529); *New England Mortgage Security Co.* v. *Collins,* 115 *Ga.* 104 (41 S. E. 270). There is only one way in which to file a paper in the clerk's office, and that is by depositing it with the clerk, who is the legal custodian thereof. *Hilt* v. *Young,* supra.

The motion for a new trial in the instant case was marked filed May 19, 1931, which was after the time for filing the same had expired, the term of court at which the verdict was obtained having adjourned on May 6, 1931. However, it is the contention of the movant that this entry of the clerk is incorrect. She has filed a pleading denying the truth of this entry, alleging that the motion was filed on May 6, 1931. Has she this right under the law of this State? As we have seen, the endorsement of the clerk as to the date of filing is the best evidence of the filing of such paper. But this is not necessary to the act of filing. The written memorandum of the clerk is but the evidence of delivery to him of the paper intended to be filed. "A paper is said to be filed, when it is delivered to the proper officer, and by him received, to be kept on file. 13 Vin. Abr. 211; 1 Bouv. L. Dic. 568;" quoted in *Peterson* v. *Taylor,* supra, and *Jordan* v. *Bosworth,* 123 *Ga.* 879, 880 (51 S. E. 755). The actual date of filing is the date upon which the paper is handed to the clerk to be filed. *Floyd* v. *Chess-Carley Co.,* 76 *Ga.* 752; *Laslie* v. *Laslie,* 94 *Ga.* 720 (19 S. E. 805); *Adams* v. *Godwin,* 99 *Ga.* 138 (25 S. E. 24); *Jordon* v. *Bosworth,* supra. So, where a motion for new trial has been delivered for filing to the clerk, it will be deemed filed even though that officer fails to make the proper entry of filing thereon. *Sanders* v. *Williams,* 73 *Ga.* 119.

Also, as we have seen, there is a presumption of law that this entry of filing by the clerk is correct, and so long as it remains unchallenged it is presumed to be correct. *Jinks* v. *American Mortgage Co. of Scotland Ltd.,* 102 *Ga.* 694 (2) (28 S. E. 609). The entry of filing is presumed to be correct, until the contrary is shown. *Truluck* v. *Peeples,* supra. Presumptions in favor of the correctness of such entries are rebuttable; but they are conclusive, unless properly traversed. *Sanford* v. *Bates,* 99 *Ga.* 145 (25 S. E. 35); 22 C. J. 135, § 69.

"The entry of the sheriff or any officer of the court, or his deputy, may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits." Civil Code (1910), § 5566. It is contended by the defendant in error that this section applies only to returns of service made prior to the trial of the cause, and that there being no express statutory provision in this State permitting a traverse of the clerk's entry of filing on a motion for new trial, under the common law the entry of that officer could not be called in question and challenged in any manner. In *Dozier* v. *Lamb,* 59 *Ga.* 461, it was held that "After judgment as before judgment, and with a levy or without it, the defendant has the right to challenge the truth of the return by a proper legal traverse; but in order to exercise the right, it is his duty in all cases to make it at the first term after he has notice of the entry." Where the case is in default, the defendant may traverse at the first term after learning of the incorrect return. *Kahn* v. *Southern Bldg. & Loan Assoc.,* 115 *Ga.* 459 (2) (41 S. E. 648). Under this section a traverse may be filed to a return of service of a summons of garnishment. *Southern Express Co.* v. *National Bank of Tifton,* 4 *Ga. App.* 399 (61 S. E. 857). This section applies to an entry of levy of attachment. *Pace* v. *Tarver,* 19 *Ga. App.* 708 (92 S. E. 227).

Furthermore, we have seen that an entry of an officer is presumed to be correct, but that the contrary may be shown and its correctness rebutted. So where the entry of an officer is in fact incorrect, its incorrectness may be shown. One who would be injured by such incorrect entry, if allowed to go unchallenged, has the right to contradict the same. "For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other." Civil Code (1910), § 5506. In the present case the movant could not have attacked this entry of filing on the motion for a new trial as being incorrect, except by traverse. She could not have introduced evidence to impeach it, without having filed a formal traverse in writing, denying its truth. *Albritton* v. *Tygart,* 134 *Ga.* 485 (1-*b*) (68 S. E. 79).

The mistake of a clerk shall in no way work to the injury of a party, where by amendment justice may be promoted. Civil Code (1910), § 5709. This is so even where the defendant moves to dismiss the proceeding. *Richmond & Danville R. Co.* v. *Benson,* 86 *Ga.* 203 (12 S. E. 357, 22 Am. St. R. 446).

The motion for a new trial in the present case is to be regarded as of the nature of an independent proceeding collateral to the judgment. Coleman *v.* Coleman, 23 Cal. App. 423 (138 Pac. 362). Movant, at the first term of said court after she had notice of the alleged incorrect entry of filing upon the motion for a new trial, and before the hearing of the motion for a new trial, challenged the truth of the entry, by filing a pleading in the cause for that purpose, alleging that the motion for a new trial had been handed to the clerk for filing within the time prescribed by law, and that such entry by the clerk on the motion for a new trial was not correct. Therefore, we reach the conclusion that under section 5566 of the Civil Code, construed in connection with the decisions and laws above stated, the entry of filing by the clerk or his deputy on a motion for a new trial may be traversed by either party to the cause at the first term of the court where the motion is pending after he has notice of such entry.

In view of the above ruling, we are of the opinion that the trial judge erred in sustaining the demurrer to the traverse of the movant to the entry of filing by the clerk on the motion for new trial. The issue formed by the filing of this traverse should have been disposed of by the court before it passed on the motion to dismiss the motion for new trial. Therefore, the court below erred in dismissing said motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*