23720. ATLANTA WRECKING COMPANY *et al. v.* HUDSON.

SUTTON, J. 1. On September 25, 1933, a verdict for $300 was rendered in the plaintiff's favor in the municipal court of Atlanta (Fulton section), in a suit involving a cause of action for $650. The September term, 1933, of that court adjourned on September 30, 1933. The defendant moved for a new trial orally on the day of the rendition of the verdict; and on October 3, 1933, filed a skeleton motion for a new trial. In the act of March 10, 1933 (Ga. L. 1933, p. 290, 292), amending section 42 of the act of August 13, 1913, creating the municipal court of Atlanta, it is provided that "new trials may be granted in said court upon the same grounds upon which new trials may be granted in the Superior Courts of this State, and according to the same method of procedure, except as it may hereinafter be provided." Oral motions for new trial, in cases involving $300 or more, were not provided for in the 1933 act. Code section 6079 governs new trials in the superior courts of this State, and under this section all applications for new trial must be made during the term at which the trial is had, and when the term extends longer than thirty days the application must be filed within thirty days from the trial, subject to the right of amendment, etc. See *Keen* v. *Davis,* 141 *Ga.* 608 (81 S. E. 868); *Hilt* v. *Young,* 116 *Ga.* 708 (43 S. E. 76). Where the term has expired before the filing of the application for a new trial, the application should be dismissed on motion. *Myers* v. *Brooks,* 24 *Ga. App.* 793 (102 S. E. 369); *Josey* v. *Groves,* 138 *Ga.* 317 (75 S. E. 135); *Cothran* v. *Brower,* 71 *Ga.* 357; *Brinson* v. *Georgia R. Co.,* 45 *Ga. App.* 459 (165 S. E. 321).

2. The fact that in such cases, prior to the act of 1933 (see Ga. L. 1913, pp. 145, 167, sec. 42(a)), it was mandatory on the movant to make an oral motion for a new trial immediately upon the rendition of the verdict complained of, and that the movant did this and was given leave by the trial judge of the municipal court of Atlanta to amend the oral motion thus made, within ten days from that date, which was the construction placed upon said act of 1933 by that judge, did not cure the failure of the movant to follow the statute and file the skeleton motion for a new trial during the trial term of this case.

3. It does not appear that the respondent waived the filing of the motion for a new trial, if a waiver thereof could be made, but it appears that the attorney for the respondent insisted that he would not be acting in fairness to his client, the respondent, if he did not insist upon the movant following the statute and filing his motion for a new trial within the time prescribed by the statute. It was not within the discretion of the trial judge to allow the movant to file his original motion for a new trial after the trial term. The oral motion made, under the former rules of procedure in the municipal court of Atlanta in such cases, was not such a motion as could be amended thereafter, in the discretion of the trial judge. Under the statute the skeleton motion for a new trial, contemplated to be filed at the trial term, should be in writing.

4. It follows that the trial judge properly dismissed movant's application for a new trial, which was not filed until October 3, 1933, the trial term having closed on September 30, 1933.

  *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 20, 1934. REHEARING DENIED SEPTEMBER 29, 1934.

*Drennan & Giles,* for plaintiffs in error.
*Everett & Everett, Franklin S. Chalmers,* contra.