32545. HUNTER *v.* CITY OF BLUE RIDGE.

MacINTYRE, P. J. It is essential to the validity of a petition for certiorari that, as provided by Code § 19-210, "All certiorari proceedings shall be filed in the clerk's office within 10 days from the date of their sanction." It is the actual filing of the petition in the clerk's office which gives it validity, but it cannot have any validity as such unless it is actually filed with the custodian upon whom the law casts the duty of receiving it. *Hilt* v. *Young,* 116 *Ga.* 708 (43 S. E. 76). "There is only one way in which to file a paper in the superior court and that is by depositing it with the clerk, who is the legal custodian of the paper. *New England Mortgage Co.* v. *Collins,* 115 *Ga.* 104 [41 S. E. 270]." *Ibid.* "While it is not indispensably necessary that the clerk endorse 'filed' on the petition for certiorari" when it is delivered to him (*Harlow* v. *Rosser, Scurry &c. Co.,* 28 *Ga.* 219), it is not filed unless delivered to him to be filed. *Brinson* v. *Georgia R. Bank &c. Co.,* 45 *Ga. App.* 459 (165 S. E. 321). Thus, where one presents his petition for certiorari to the judge of the superior court on February 23, complaining of an adverse decision of the Mayor's Court of the City of Blue Ridge, rendered on February 21, and the judge on that day sanctions the petition, and the writ of certiorari issues, and on the following day the entire record is delivered to the defendant in certiorari and not returned to the office of the clerk of the superior court until April 9, when it is marked filed, the petition is a mere nullity as not having been filed within the time prescribed by law—as the court was authorized to find from the testimony of the clerk of the superior court "that he had no recollection of ever seeing the petition for certiorari before the day it was marked filed." *Peterson* v. *Taylor,* 15 *Ga.* 483 (60 Am. D. 705). The superior court did not err in dismissing the petition for certiorari.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED JULY 16, 1949.

*T. H. Crawford, Henderson & Burtz,* for plaintiff.
*A. J. Martin,* for defendant.