A97A0294. BARNES v. JUSTIS.
(478 SE2d 402)

MCMURRAY, Presiding Judge.

In an order dated June 19, 1996, this Court granted defendant William Guthrie Barnes' application for discretionary appeal from an award of attorney fees in this domestic relations matter. *Held*:

"Within ten days after an order is issued granting the appeal, the applicant, to secure review of the issues, shall file a notice of appeal as provided by law. The procedure thereafter shall be the same as in other appeals." OCGA § 5-6-35 (g). The tenth day, June 29, 1996, fell on a Saturday. Accordingly, defendant had until the next business day, Monday, July 1, 1996, to perfect his appeal. OCGA § 1-3-1 (d) (3). " 'A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file,' and 'a certificate of the clerk, entered upon the (paper) at the time it is filed, is the

best evidence of filing. . . .' *Peterson v. Taylor*, 15 Ga. 483, 484. And see *Jordan v. Bosworth*, 123 Ga. 879, 880 (51 SE 755). 'It is essential to the filing of a paper in a clerk's office that the same be either lodged in his hands or with his knowledge placed in his office and under his charge.' *Jolley v. Rutherford*, 112 Ga. 342 (1) (37 SE 358)." *Bailey v. Bonaparte*, 125 Ga. App. 512, 514 (188 SE2d 119).

Although defendant's notice of appeal is dated June 26, 1996, and contains his certificate of service for that same date, the notice of appeal was not filed with the Clerk of the Superior Court of Glynn County until Tuesday, July 2, 1996. This is one day late. "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Jordan v. Caldwell*, 229 Ga. 343, 344 (191 SE2d 530). " 'The [appellant's] burden is not satisfied by relying on the postal delivery but may be satisfied only by depositing the notice of appeal with the clerk within the appropriate time frame. [Cit.]' [Cit.] [Defendant in the case sub judice] failed to satisfy the burden of timely filing the notice of appeal. Accordingly, we are without jurisdiction to consider this case. It must be dismissed." *White v. White*, 188 Ga. App. 556, 557 (373 SE2d 824).

*Appeal dismissed. Beasley, C. J., and Smith, J., concur.*

DECIDED NOVEMBER 6, 1996 —
RECONSIDERATION DENIED NOVEMBER 25, 1996 —

William G. Barnes, *pro se.*
*Rountree & Souther, George M. Rountree*, for appellee.

