# Court of Appeals
# of the State of Georgia

ATLANTA, September 26, 2013

*The Court of Appeals hereby passes the following order:*

**A14A0055. IN THE INTEREST OF: F. A. G. R., a child.**

In January 2013, 17-year-old F. A. G. R. was apprehended while illegally entering the United States. He was subsequently released to the custody of the petitioners, one of whom is related to F. A. G. R. The petitioners filed a deprivation petition, seeking a judicial determination that F. A. G. R. was deprived and seeking custody of F. A. G. R. The juvenile court found that the deprivation petition failed to set forth sufficient allegations of deprivation and, pursuant to OCGA § 15-11-37, entered an order on May 1, 2013, refusing to endorse the petition. The petitioners filed a notice of appeal from this ruling.

The record was transmitted to this court on June 21, 2013. But because the notice of appeal in that record did not have the requisite date stamp, this court could not determine whether that notice was timely filed. So the record was returned to the trial court. The trial court then re-transmitted the record to this court with the notice of appeal date stamped July 11, 2013.

Upon further inquiry by the clerk of this court, the clerk of the trial court has reported that it has other documentation purporting to show that the notice of appeal was filed on June 7, 2013. See Uniform Juvenile Court Rule 3.1 (requiring juvenile courts to "make and keep records of all cases brought before it including cases dismissed, informally adjusted or adjudicated" and to "make official minutes, which may be the case files, consisting of all petitions and orders filed in a case and any other pleadings, certificates, proofs of publication, summonses, notices, warrants and other writs which may be filed therein...."); Uniform Juvenile Court Rule 3.2 (requiring juvenile courts to "keep a separate juvenile docket book").

It is incumbent upon an appellate court to ascertain its own jurisdiction. See *Todd v. Todd*, 287 Ga. 250 (696 SE2d 323) (2010). Absent a timely-filed notice of appeal, we lack jurisdiction to entertain an appeal. See OCGA § 5-6-38 (a) (requiring that a notice of appeal be filed within 30 days of the order sought to be appealed); *Henderson v. State*, 265 Ga. 317 (1) (454 SE2d 458) (1995). ("[A] timely-filed notice of appeal is a jurisdictional prerequisite to a valid appeal.").

As a general rule, the trial court clerk's endorsement as to the date of filing is presumed to be correct. See *Brinson v. Georgia R. Bank & Trust Co.*, 45 Ga. App. 459, 461 (165 SE 321) (1932). But this presumption is rebuttable, see id., and here it has been rebutted. Because the record was transmitted to this Court in June with an unstamped notice of appeal, the clerk necessarily received the notice of appeal before July 11, 2013.

And any presumption of correctness has likewise been rebutted as to the trial court's other records that purport to show the notice of appeal to have been filed on June 7, 2013. We note inconsistencies in the trial court's date-stamping of other documents in this case. The record contains a cover letter from counsel reflecting enclosures pertaining to the deprivation petition, including the complaint. A date stamp on that cover letter shows the trial court's receipt of it on April 23, 2013. But the date stamp on the complaint (form "JUV-2") indicates its receipt on April 26, 2013.

As the presumption of correctness has been rebutted, the appellants are entitled to an opportunity to challenge the filing date. See *Lavan v. Philips*, 184 Ga. App. 573, 574 (362 SE2d 138) (1987). We acknowledge that the certificate of service attached to the notice of appeal is dated May 31, 2013, which was the appeal deadline, and that appellant's counsel has provided this Court with documents from the United States Postal Service showing that the notice of appeal was delivered to the juvenile court by Express Mail at 6:38 a.m. on May 31, 2013. We note also that on May 7, 2013, appellant had filed a motion to vacate the order that is the subject of this appeal, and that counsel's subsequent actions evidence recognition that the motion to vacate did not extend the appeal deadline, see OCGA § 5-6-38(a), and of

the importance of the appeal deadline. Nevertheless the challenge must be made before the trial court. See *McDaniel v. Columbus Fertilizer Co.*, 109 Ga. 284, 285 (34 SE 598) (1899) (the filing date of the notice of appeal must be established as a matter of record).

This case is therefore REMANDED to the trial court, pursuant to OCGA §§ 5-6-41 (f) & 5-6-48 (d). After allowing the parties notice and opportunity to be heard, the trial court shall correct the record so that it reflects the actual date of filing. "The actual date of filing is the date upon which the paper is handed [or delivered] to the clerk to be filed." *Brinson*, supra, 45 Ga. App. at 461.

When the clerk has completed preparation of the record, the clerk is directed to transmit the supplemented record to this Court for re-docketing of the appeal. The appellants need not file a second notice of appeal.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* 09/26/2013
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*