# Court of Appeals
# of the State of Georgia

ATLANTA,   April 22, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1181.  CLIFFORD L. KIER v. THE STATE.**

Clifford L. Kier has filed a pro se "Notice of Appeals" in this criminal case. In his notice, Kier enumerates several alleged errors, which parallel assertions that were rejected by the trial court in its December 12, 2013 "Order on Defendant's Motion to Vacate a Void Sentence."  Kier signed his notice December 28, 2013, but it is stamped as "filed" by the trial court as of July 29, 2013.

It is incumbent upon an appellate court to ascertain its own jurisdiction.  See *Todd v. Todd*, 287 Ga. 250 (696 SE2d 323) (2010).  Absent a timely-filed notice of appeal, we lack jurisdiction to entertain an appeal.  See OCGA § 5-6-38 (a) (requiring that a notice of appeal be filed within 30 days of the order sought to be appealed); *Henderson v. State*, 265 Ga. 317 (1) (454 SE2d 458) (1995). ("[A] timely-filed notice of appeal is a jurisdictional prerequisite to a valid appeal.").  As a general rule, the trial court clerk's endorsement as to the date of filing is presumed to be correct.  See *Brinson v. Georgia R. Bank & Trust Co.*, 45 Ga. App. 459, 461 (165 SE 321) (1932). But this presumption is rebuttable. See id.

Here, the content of the "Notice of Appeals" and the signing date listed by Kier – December 28, 2013 – both suggest that the trial court's stamped "filed" date of July 29, 2013, is inaccurate.  Without an accurate filing date, we cannot determine whether we have jurisdiction over this appeal.  Accordingly, this case is hereby REMANDED to the trial court, so that the record may be corrected to reflect the actual date of filing.  See *McDaniel v. Columbus Fertilizer Co.*, 109 Ga. 284, 285 (34 SE 598) (1899) (the filing date of the notice of appeal must be established as a matter of record).

Additionally, we note that the record does not appear to include the motion that led to the trial court's December 12 order. Under these circumstances, it is unclear exactly what filing the court denied in its December 12 order. We request that the trial court include that document, as well as any other relevant filings, in its supplemental record.

When the clerk has completed preparation of the record, the clerk is directed to transmit the supplemented record to this Court for re-docketing of the appeal. Kier need not file a second notice of appeal.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* __04/22/2014__
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*