# Court of Appeals
# of the State of Georgia

ATLANTA,  August 10, 2017

*The Court of Appeals hereby passes the following order:*

## A17A1767. PATRICK KOROMA v. THE STATE.

Patrick Koroma filed a discretionary application from the trial court's order denying his motion for sentence modification. On August 9, 2016, this Court granted the application under OCGA § 5-6-35 (j). The order directed Koroma to file a notice of appeal within ten days. Although Koroma purportedly mailed his notice of appeal on August 16, 2016, it was not docketed until September 13, 2016. The State has filed a motion to dismiss the appeal.

OCGA § 5-6-35 (g) imposes a mandatory obligation on an appellant to file a notice of appeal within 10 days of the granting of a discretionary appeal.  See OCGA § 5-6-35 (g) ("Within ten days after an order is issued granting the appeal, the applicant, to secure a review of the issues, shall file a notice of appeal as provided by law."). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court, and the burden is upon the appellant to file a timely notice of appeal. See *Moncrief v. Tara Apts., Ltd.*, 162 Ga. App. 695, 695 (293 SE2d 352) (1982).  Here, the notice of appeal was not timely, and we cannot use the date Koroma mailed his notice of appeal. Such a "mailbox rule" applies only in habeas matters. See *Jackson v. State*, 313 Ga. App. 483, 484 (722 SE2d 80) (2011). We thus lack jurisdiction over this appeal. See *Barnes v. Justis*, 223 Ga. App. 671 (478 SE2d 402) (1996) (dismissing a discretionary appeal for failure to file a timely notice of appeal as required by OCGA § 5-6-35 (g)). Accordingly, the State's motion to dismiss is hereby GRANTED, and this appeal is DISMISSED.

We note, however, the discrepancy between the date Koroma purportedly mailed the notice of appeal and the date the document was docketed. As a general

rule, the trial court clerk's endorsement as to the date of filing is presumed to be correct. See *Brinson v. Georgia R. Bank & Trust Co.*, 45 Ga. App. 459, 461 (165 SE 321) (1932). However, this presumption is rebuttable. See id. "'The actual date of filing is the date upon which the paper is handed to the clerk to be filed." Id. If the clerk received Koroma's notice of appeal within 10 days, Koroma should be given an opportunity to challenge the filing date. See *Lavan v. Philips*, 184 Ga. App. 573, 574 (362 SE2d 138) (1987). Such challenge must be made before the trial court. See *McDaniel v. Columbus Fertilizer Co.*, 109 Ga. 284, 285 (1) (34 SE 598) (1899) (the filing date of the notice of appeal must be established as a matter of record). Accordingly, if Koroma contests the filing date, he may file a motion in the trial court to change the filing date. If the filing date is changed, the clerk is directed to retransmit the appeal with the corrected notice of appeal.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,  08/10/2017

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.