# Court of Appeals
# of the State of Georgia

ATLANTA,  May 14, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1910. CHANSAMONE D. RATHMANN v. TERRY A. RATHMANN.**

On November 16, 2018, this Court granted Chansamone D. Rathmann's ("the wife") application for discretionary appeal from the trial court's final judgment and decree of divorce. See Case No. A19D0148. The order directed the wife to file a notice of appeal within ten days of the date of the order. See OCGA § 5-6-35 (g). The wife mailed her notice of appeal through overnight delivery on November 26, 2018, and the notice of appeal was stamped filed on November 27, 2018, eleven days after the entry of our order granting her permission to file a discretionary appeal. The husband, Terry A. Rathmann, has filed a motion to dismiss the appeal as untimely.

OCGA § 5-6-35 (g) imposes a mandatory obligation on an appellant to file a notice of appeal within ten days of the granting of a discretionary appeal. See OCGA § 5-6-35 (g) ("Within ten days after an order is issued granting the appeal, the applicant, to secure a review of the issues, shall file a notice of appeal as provided by law."). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court, and the burden is upon the appellant to file a timely notice of appeal. *Moncrief v. Tara Apts., Ltd.*, 162 Ga. App. 695, 695 (293 SE2d 352) (1982).

In her response to the motion to dismiss, the wife contends that the notice of appeal was timely because it was mailed on the tenth day via overnight delivery. As a rule, "[t]he actual date of filing is the date upon which the paper is handed [or delivered] to the clerk to be filed." *Hood v. State,* 282 Ga. 462, 464 (651 SE2d 88) (2007). The trial court clerk's endorsement as to the date of filing is presumed to be correct, but this presumption is rebuttable. See *Brinson v. Georgia R. Bank & Trust*

*Co.*, 45 Ga. App. 459, 461 (165 SE 321) (1932).  To rebut the presumption of correctness of the filing date, the wife cites to Court of Appeals Rule 4[1] and Georgia Supreme Court Rule 13.[2] These rules, however, pertain only to filings in this Court and the Supreme Court, not filings in the trial court.  If the wife seeks to challenge the date of filing as to the notice of appeal she filed in the trial court, she must do so in the trial court.

The wife's failure to comply with this requirement deprives us of jurisdiction over his appeal.  See *Barnes v. Justis*, 223 Ga. App. 671, 672 (478 SE2d 402) (1996)

---

[1] Court of Appeals Rule 4 (c), pertaining to filing by mail or commercial delivery, provides:

> This section applies to pro se parties and counsel exempt from the electronic filing requirements.  A document transmitted to the office of the Clerk by United States Postal Service priority, express, or first-class mail (including certified or registered mail) or by a commercial carrier for overnight delivery shall be deemed filed on the date shown by the official postmark affixed by the United States Postal Service (not a private or commercial postage meter) or the date shown on the commercial carrier's transmittal form on the envelope or package containing the document, if the envelope or package is properly addressed, postage prepaid, and the postmark or transmittal date is legible.  Otherwise, the document will be deemed filed on the date the document was physically received in the office of the Clerk.  Note: This rule does not apply to motions for reconsideration. See Rule 37 (b).

[2] Georgia Supreme Court Rule 13 (1), pertaining to filing by mail or commercial delivery  provides:

> A document transmitted by priority, express, or first-class (including certified or registered) mail via the United States Postal Service, or by a third-party commercial carrier for delivery to the Supreme Court Clerk within three days, shall be deemed filed on the date shown by the official postmark affixed by the United States Postal Service (not a private or commercial postage meter) or the commercial carrier's transmittal form on the envelope or package containing the document, but only if the envelope or package is properly addressed, postage is prepaid, and the postmark or transmittal date is legible.

(dismissing a discretionary appeal for failure to file a timely notice of appeal as required by OCGA § 5-6-35 (g)).  Accordingly, the husband's motion to dismiss is hereby GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, __05/14/2019_____*
  *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____, *Clerk.*