**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 24, 2018**

# In the Court of Appeals of Georgia

A18A1722. DARRELL T. PRICE v. GREGORY C. DOZIER, COMMISSIONER.

PER CURIAM.

On March 27, 2018, this Court granted Darrell Price's application for discretionary appeal from the trial court's order denying his petition for mandamus. See Case No. A18D0355 (decided March 27, 2018). The order directed that the appellant file a notice of appeal within 10 days of the date of the order. See OCGA § 5-6-35 (g). Price filed his notice of appeal on April 10, 2018, fourteen days after the entry of the order.

The timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *White v. White*, 188 Ga. App. 556, 556 (373 SE2d 824) (1988). Because Price failed to file a notice of appeal within 10 days of our order

granting the discretionary application, the notice of appeal is untimely. Accordingly,

this appeal is DISMISSED for lack of jurisdiction. See OCGA § 5-6-48 (b) (1);

*Barnes v. Justis*, 223 Ga. App. 671, 671-672 (478 SE2d 402) (1996).

*Appeal dismissed. Division Per Curiam. All Judges concur, McFadden, P. J.,*
*concurs fully and specially*.

A18A1722. PRICE v. DOZIER.

MCFADDEN, Presiding Judge, concurring fully and specially.

I concur fully. I write separately to acknowledge the harsh and unfair result of the settled law we must apply.

Appellant Price is incarcerated. He filed a pro se application for discretionary review with this court. Most of the pro se inmate applications we see are without merit, often patently so. But we granted Price's application. That grant reflects our initial determination that his arguments have at least arguable merit. See Court of Appeals Rule 31 (b).

As required by the Appellate Practice Act, our order granting Price's application directed him to file his notice of appeal within ten days. See OCGA § 5-6-35 (g).

Our order granting the application was issued on March 27, 2018. The copy of our order attached to the notice of appeal is stamped "Received" at the Coffee Correctional Facility on April 2, 2018. Price's notice of appeal and attached certificate of service are dated the next day, April 3, 2018. But the notice of appeal was file-stamped by the Fulton County Superior Court on April 10, 2018. So it appears from the record that although Price acted promptly after receiving our order, his filing did not get to the superior court on time, meaning that we cannot exercise jurisdiction over his appeal.

This is a recurring issue. It appears to arise, not from anyone's neglect or misconduct, but from ordinary delay in mail delivery to and from our correctional facilities and from necessary security precautions.