**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 10, 2020**

# In the Court of Appeals of Georgia

A20A1437. EBELING v. THE STATE.

MCFADDEN, Chief Judge.

A jury found Matthew Ebeling guilty of battery, false imprisonment, and robbery, and judgment was entered against him in December 2013. We affirmed his conviction in an unpublished opinion. See *Ebeling v. State*, ___ Ga. App. ___ (Case No. A19A1168, decided September 16, 2019). After our remittitur issued to the superior court, Ebeling filed a timely "Motion to Reduce/Modify Sentence." The superior court denied Ebeling's motion, and he filed a timely application for discretionary review of that order. We granted Ebeling's application. But because Ebeling's notice of appeal was untimely, we lack jurisdiction and so must dismiss the appeal.

The proper and timely filing of the notice of appeal is an absolute requirement to confer appellate jurisdiction upon this court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).

Ebeling is incarcerated. He filed a pro se application for discretionary review with this Court. In our order granting his application, we noted that an order denying a timely motion to reduce or modify a sentence under OCGA § 17-10-1 (f) is subject to direct appeal and "[u]nder OCGA § 5-6-35 (j), this Court will grant a timely discretionary application if the lower court's order is subject to direct appeal." As required by the Appellate Practice Act, our February 5, 2020, order granting Ebeling's application directed him to file his notice of appeal within ten days. See OCGA § 5-6-35 (g). Because February 17, 2020, was Washington's Birthday, a national holiday, Ebeling had until February 18, 2020 to file a timely notice of appeal. See Court of Appeals Rule 3. But Ebeling's notice of appeal was received and filed on February 19, 2020. So the State filed a motion to dismiss the appeal.

In his opposition to the motion, Ebeling asserts that he received the order granting his application on February 10, 2020 and that he immediately requested and was granted access to the prison law library. The record bears him out. It shows that his notice of appeal is dated February 11, 2020, was accompanied by a cover letter

dated February 12, 2020, and was enclosed in an envelope that appears to have been stamped by the post office on February 12, 2020. But the notice of appeal was file-stamped by the Cherokee County Superior Court on February 19, 2020. So the record establishes that, although Ebeling acted promptly after receiving our order, his filing did not get to the superior court in time. So we have no jurisdiction over his appeal.

We acknowledge that this is a harsh and unfair result. See *Price v. Dozier*, 348 Ga. App. 283, 283-284 (821 SE2d 566) (2018) (McFadden, P. J., concurring fully and specially). It is a recurring problem. See id. It appears to arise, not from anyone's neglect or misconduct, but from ordinary delay in mail delivery and from necessary security precautions in our correctional facilities.

*Appeal dismissed. Doyle, P. J., and Hodges, J., concur.*